# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CA-01703-SCT

*RODNEY BROWN*

*v.*

*MICHAEL A. THOMPSON AND THE BOLIVAR
COUNTY SHERIFF'S DEPARTMENT*


| | |
|---|---|
| DATE OF JUDGMENT: | 07/30/2004 |
| TRIAL JUDGE: | HON. LARRY O. LEWIS |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MARK T. FOWLER |
| | T. JACKSON LYONS |
| ATTORNEYS FOR APPELLEES: | DANIEL JUDSON GRIFFITH |
| | BENJAMIN E. GRIFFITH |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 03/02/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COBB, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Rodney Brown was injured in an automobile accident with Deputy Michael A. Thompson of the Bolivar County Sheriff's Department (Sheriff's Department). Brown filed suit in the Bolivar County Circuit Court, seeking actual and compensatory damages and naming the Sheriff's Department and Thompson as defendants. The trial court dismissed the case finding the Sheriff's Department was not a proper defendant under the Mississippi Tort Claims Act (MTCA), and Thompson was immune from suit. Brown now appeals the

1

dismissal of the Sheriff's Department and Thompson.

**FACTS**

¶2. On August 28, 2002, Brown and Thompson were involved in an automobile accident; Thompson was on patrol at the time. Pursuant to MTCA Section 11-46-11(1), Brown sent a Notice of Claim, dated June 19, 2003, to Bolivar County Chancery Clerk Jeanne Walker and James McBride, President of the Bolivar County Board of Supervisors. It was stamped received on June 26, 2003. Brown's complaint was filed on November 13, 2003, and it named the Bolivar County Sheriff's Department as the defendant governmental entity, although it directed that the Sheriff's Department "be served with process by and through its agent for process, Mr. James McBride[1], Bolivar County Board of Supervisors . . . pursuant to MRCP 4(d)(7)." The complaint contained allegations that Thompson was "traveling at a recklessly high rate of speed . . . with neither his blue lights nor his siren activated" when he attempted to pass Brown's vehicle and struck it, causing it to flip. It also claimed Thompson was a "servant and employee" of the Bolivar County Sheriff's Department at the time of the accident.

¶3. An answer with affirmative defenses was filed jointly by Thompson and the Sheriff's Department on December 15, 2003. It claimed, inter alia, not only that (1) the Sheriff's Department was not a political subdivision separate and apart from Bolivar County,

---

[1]The Bolivar County Circuit Court's docket page shows the summons was issued for James McBride, President of the Bolivar County Board of Supervisors, on November 13, executed on November 18, and returned on November 20, 2003.

Mississippi, but also that (2) the claim was barred due to lack of proper notice under MCTA Section 11-46-11; (3) that it was further barred because of a failure to file the complaint within one year of the accident, without being entitled to any tolling; and (4) that Thompson was acting reasonably and lawfully, in the course and scope of his employment and is thus immune under Section 11-46-5.

¶4. Subsequently, on December 15, 2003, and March 12 and April 15, 2004, the responses to Brown's First Set of Requests for Admissions, First Set of Interrogatories and Requests for Production were filed by Thompson, and the Sheriff's Department, respectively. On April 22, 2004, Thompson and the Sheriff's Department filed a Motion to Dismiss, again asserting the four primary reasons set forth supra.

¶5. Brown filed a one page Response to the Motion to Dismiss succinctly stating four reasons the motion should be denied. First, he asserted that whether the Bolivar County Sheriff's Department was a separate political subdivision was irrelevant, and that "[t]his action was filed under the Mississippi Tort Claims Act, not under 42 U.S.C § 1983 or Title VII." Second, he stated that Bolivar County, Mississippi, was served with process, and therefore the Sheriff's Department received notice that substantially complied with MTCA Section 11-46-11(1). Third, without mentioning any dates or giving any explanation, Brown simply said that "the suit was filed well within the Statute of Limitations period." And fourth, he stated that "Thompson should not be dismissed" because "[d]ismissal could impinge the Plaintiffs (sic) ability to pursue all remedies available to him."

¶6. Following a hearing on the motion to dismiss, and due consideration of the motion, response, argument of counsel, supplemental briefs, applicable authority and the Court file, the trial court agreed with the defendants and granted the motion to dismiss, with a thorough nine page Order and Final Judgment of Dismissal.

¶7. On appeal, Brown raised only one issue in his principal brief: namely, whether a county sheriff's department is, by definition, a political subdivision of the State, which may be sued under the terms and conditions stated in the Tort Claims Act. In his reply brief, Brown raised two additional issues: (1) whether the Sheriff's Department's argument that Thompson was a Bolivar County employee, not a Sheriff's Department employee, should be stricken because it raises an employment law ground for dismissal for the first time on appeal; and (2) whether the MTCA expressly provides that public agencies may be sued whether or not other law grants them the right to sue and be sued in the agency's name. Finding no error in the trial court's judgment, we affirm.

## ANALYSIS

### I. WHETHER THE SHERIFF'S DEPARTMENT IS A POLITICAL SUBDIVISION WHICH MAY BE SUED UNDER THE TORT CLAIMS ACT

¶8. This Court reviews errors of law, which include the proper application of the MTCA, de novo. *Maldonado v. Kelly,* 768 So. 2d 906, 908 (Miss. 2000). Further, this Court has stated that when reviewing a decision to dismiss on a 12(b)(6) motion [2], the case should not

---

[2]The first defense stated in the Answer and Affirmative Defenses filed by Thompson and the Sheriff's Department was that the complaint failed to state a claim upon which relief

4

be dismissed unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his or her claim. *HeartSouth, PLLC v. Boyd,* 865 So. 2d 1095, 1101 (Miss. 2003) (citing *Butler v. Bd. of Supervisors for Hinds County,* 659 So. 2d 578, 581 (Miss. 1995)).

¶9.     This Court has recognized the MTCA requirement that a governmental entity, including a political subdivision, against which a money judgment is sought must be named as a defendant, unless the action is brought solely against an employee acting outside the scope of his employment. *Conrod v. Holder,* 825 So. 2d 16,19 (Miss. 2002) (citing with approval *Mallery v. Taylor*, 805 So. 2d 613, 622 (Miss. Ct. App. 2002)).   A Sheriff's Department is not explicitly referred to as a governmental entity in the non-exhaustive list set forth in the MTCA, but the terms "governmental entity" and "political subdivision" are used interchangeably.[3]  A political subdivision is defined as:

> [A]ny body politic or body corporate other than the state responsible for governmental activities only in geographic areas smaller than that of the state, including but not limited to, any county, municipality, school district, community hospital as defined in Section 41-13-10, Mississippi Code of 1972, airport authority or other instrumentality thereof, whether or not such a body or instrumentality thereof has the authority to levy taxes or to sue or be sued in its own name.

Miss. Code Ann. § 11-46-1(i).

---

may be granted, although no reference was made to MRCP 12(b)(6).

[3]In Section 11-46-1, the definition section of the MTCA, subsection (g) provides " '[g]overnmental entity' means and includes the state and political subdivisions as herein defined."

¶10. Brown argues the Sheriff's Department is a political subdivision within the meaning of the statute, and therefore the case should not have been dismissed, citing cases from this Court that have been allowed to proceed under the MTCA with a sheriff's department as the sole political subdivision defendant. *See Love v. Sunflower County Sheriff's Dept.,* 860 So. 2d 797 (Miss. 2003) (dismissed on summary judgment under the governmental entities exemption provided in MTCA 11-46-9 (1)(m) when the claimant was an inmate.) ; *Lee v. Thompson,* 859 So. 2d 981 (Miss. 2003) (dismissed under the inmate exemption ); *Liggins v. Coahoma County Sheriff's Dept.,* 823 So. 2d 1152 (Miss. 2002) (motion to dismiss proper under the inmate exemption provided in 11-46-9 (1)(m)). Brown's reliance on these cases is misplaced, however, because the issue of whether the sheriff's department was a political subdivision was not raised nor was it addressed in any of these cases.

¶11. The Sheriff's Department correctly argues it is not a political subdivision, and that Bolivar County should have been named as the governmental defendant in the suit, citing *Conrod*, 825 So. 2d at 19, in which the plaintiff named the sheriff and deputy sheriff, but failed to name a governmental entity as a defendant. This court affirmed the trial court's grant of summary judgment in *Conrod,* saying, inter alia, that the plaintiff should have named the county as a defendant political subdivision. *Id.* at 20. On appeal, this Court addressed that the only two defendants named were individual people. The Sheriff's Department also cites *Whiting v. Tunica County Sheriff's Dept.,* 222 F. Supp. 2d 809 (N.D. Miss. 2002), in which the District Court for the Northern District of Mississippi found the sheriff's office

was not amenable to suit according to Mississippi law, because the plaintiff failed to show it enjoyed an existence separate from the county. *Id.* at 825-26.

¶12. This is a case of first impression, and we are asked to interpret this relevant part of the MTCA. After reviewing the language of the MTCA, as well as other pertinent statutory law and case law, we hold that sheriff's departments are not political subdivisions within the meaning of the MTCA. Thus, the Sheriff's Department does not enjoy a separate legal existence, apart from Bolivar County, and the case was properly dismissed for failure to name a political subdivision defendant.

¶13. A review of the structural relationship between counties and sheriff's departments supports this holding. Miss. Code Ann. Section 19-25-13 (Rev. 2003) sets forth the procedures for budgeting and financing Sheriff's Departments, stating that first the Sheriff submits "a budget of estimated expenses of his office". Then it provides that "the [county board of supervisors] shall examine this proposed budget and determine the amount to be expended by the sheriff in the performance of his duties for the fiscal year and may *increase or reduce said amount as it deems necessary and proper.*" (Emphasis added). It goes on to state that "[t]he budget shall include amounts for compensating the deputies and other employees of the sheriff's office" for such expenses as "insurance providing protection for the sheriff and his deputies in case of disability, death, and other similar coverage . . . and for such other expenses as may be incurred in the performance of the duties of the office of sheriff." The money flows from the county, which would suggest that judgments against the

sheriff or deputies are ultimately paid out of the county treasury. Miss. Code Ann. Section 19-25-19 states that "[e]very sheriff shall have power to appoint one or more deputies to assist in carrying out the duties of his office" and "to remove them at pleasure, and to fix their compensation, subject to the budget for the sheriff's office approved by the county board of supervisors." [4]

¶14. The proper governmental entity to name as defendant in this suit is Bolivar County, not the Bolivar County Sheriff's Department, as the trial judge correctly found.

## II. WHETHER THOMPSON'S BEING AN EMPLOYEE OF THE COUNTY AND NOT THE SHERIFF'S DEPARTMENT IS AN ISSUE OF EMPLOYMENT LAW RAISED FOR THE FIRST TIME ON APPEAL, AND THUS SHOULD BE STRICKEN.

¶15. Brown argues that portions of the Sheriff's Department brief should be stricken because they raise issues on appeal not considered at the trial level. Specifically, Brown asserts that the issue of whether Thompson is an employee of Bolivar County or the Sheriff's Department was not raised below, and therefore cannot be considered here.

¶16. It is well settled Mississippi law that there is a procedural bar to considering issues not first raised at trial. *Scott v. State,* 878 So. 2d 933, 963 (Miss. 2004) (citing *Williams v. State,* 684 So. 2d 1179, 1203 (Miss. 1996)). However, this procedural bar clearly applies only to

_____

[4] We are mindful that this same code section also states that "[a]ll sheriffs shall be liable for the acts of their deputies." However, this does not provide sufficient weight to tip the argument in favor of finding that the Sheriff's Department is a separate political subdivision or governmental entity.

an issue never raised below, which is not the same as a different argument pertaining to the same issue. Brown's assertion that the Sheriff's Department has not previously raised the question of whether Thompson is exclusively an employee of Bolivar County, and not an employee of the Sheriff's Department, is incorrect. This is simply another way to argue that the Sheriff's Department is not a political subdivision. Therefore, this issue is without merit, and we deny the appellant's motion to strike this pertinent portion of the Sheriff's Department principal brief.

### III. WHETHER THE MTCA EXPRESSLY PROVIDES THAT PUBLIC AGENCIES MAY BE SUED WHETHER OR NOT OTHER LAWS, INCLUDING FEDERAL CIVIL RIGHTS STATUTES, GRANT THEM THE RIGHT TO SUE AND BE SUED IN THE AGENCY'S NAME.

¶17. Brown's complaint does not contain any allegations which would take this case outside the application of the Mississippi Tort Claims Act. This issue is without merit

### CONCLUSION

¶18. In this case of first impression, we hold the Sheriff's Department is not a political subdivision as defined in Section 11-46-1(i), and thus this suit was not properly filed under the Mississippi Tort Claims Act . Therefore we affirm the trial court judgment dismissing this case.

¶19. **AFFIRMED.**

**SMITH, C.J., WALLER, P.J., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**

9