# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60345
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2014

Cons w/13-60449

Lyle W. Cayce
Clerk

BETTY SMITH HEARN,

Plaintiff–Appellant

v.

BOARD OF SUPERVISORS OF HINDS COUNTY, MISSISSIPPI; DEPARTMENT OF PUBLIC WORKS OF HINDS COUNTY, MISSISSIPPI; CARL FRELIX, in his individual capacity and official capacity as Director/Road Manager of the department of Public Works of Hinds County, Mississippi; DOUGLAS ANDERSON, in his individual capacity and official capacity as a member of the Board of Supervisors of Hinds County, Mississippi; PEGGY HOBSON CALHOUN, in her individual capacity and official capacity as a member of the Board of Supervisors of Hinds County, Mississippi; PHIL FISHER, in his individual capacity and official capacity as a member of the Board of Supervisors of Hinds County, Mississippi; ROBERT GRAHAM, in his individual capacity and official capacity as a member of the Board of Supervisors of Hinds County, Mississippi; GEORGE SMITH, in his individual capacity and official capacity as a member of the Board of Supervisors of Hinds County, Mississippi,

Defendants–Appellees

Cons w/13-60508

BETTY SMITH HEARN,

Plaintiff–Appellant

v.

BOARD OF SUPERVISORS OF HINDS COUNTY, MISSISSIPPI; DEPARTMENT OF PUBLIC WORKS OF HINDS COUNTY, MISSISSIPPI;

No. 13-60345
c/w 13-60449; 13-60508

ZURICH INSURANCE NORTH AMERICA; CRYSTAL MARTIN; DOUGLAS
ANDERSON; GEORGE SMITH; KENNETH STOKES; PEGGY HOBSON
CALHOUN; PHIL FISHER; ROBERT GRAHAM; CARL FRELIX; JOHN
DOES; JOHN/JANE DOE LAWYERS; AMERICAN GUARANTEE &
LIABILITY INSURANCE COMPANY,

Defendants–Appellees

_____

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:11-CV-662

_____

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

The underlying land dispute in this appeal is whether Smith Drive is a
county road or a private driveway. Smith Drive is a short road that abuts
Plaintiff–Appellant Betty Smith Hearn's ("Hearn") apartment building, in
Hinds County, Mississippi. Proceeding pro se, Hearn sued various Hinds
County officials and departments (collectively "Appellees") raising an
assortment of tort and property claims, under Mississippi law, in essence
asserting that she is the owner of the corner of Smith Drive under dispute. In
dismissing Hearn's complaint, the district court noted that this land dispute
between diverse citizens from different states "should have been a simple
matter," but "it turned into a mess" because "the parties have created a
complicated docket with numerous supplemental submissions and redundant
filings that often address issues found in unrelated motions." This "mess" is
no longer confined to the district court; it has spilled over into a litany of

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

2

No. 13-60345
c/w 13-60449; 13-60508

motions before this Court on appeal.  We have reviewed the record in this case. We affirm the district court and deny all pending motions.

## I.    BACKGROUND

Hearn owns an apartment building in Raymond, Mississippi within Hinds County.[1]  Hearn inherited the apartment building from her parents Bobbie and Hubert Smith, Sr. in 2000 (the "Smiths").  Hearn's parents acquired the property in 1965.  The apartment building is named after the Smiths and is known as the "Smith Apartments."

The entrance to Smith Apartments is a driveway that extends from the nearby thoroughfare, Port Gibson Street, and the driveway dead-ends into the Smith Apartments' parking lot.  Initially, this driveway was covered with gravel.  Later, to obtain a sewer permit from the County, the Smiths agreed to pave the driveway at their own expense.  Hinds County installed a street sign at the corner of the now-paved driveway and Port Gibson Street with two street nameplates.  One says "Port Gibson Street," and the other says "Smith Drive."

The dispute in this case is whether Smith Drive is a county road or a private driveway.  In 2003, a residential day care opened on the other side of Smith Drive across from Smith Apartments.  In order to access the residential day care from the main thoroughfare, Port Gibson Street, a car must use Smith Drive.  In 2004, Hearn started to renovate the Smith Apartments.  As part of the construction project, Hearn installed a construction fence along the border of what she contends is the property line.  Believing Smith Road to be her property, Hearn instructed the fence contractor to fence in part of Smith Road.

---

[1] The following factual background is drawn from Hearn's first amended complaint. Because Hearn is proceeding pro se, we construe her pleadings liberally; however, she still "must abide by the Federal Rules of Appellate Procedure." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

No. 13-60345
c/w 13-60449; 13-60508

Hearn's neighbor, the owner of the residential day care, asked the Hinds County deputies to stop the construction of the fence. Hearn alleges that the Hinds County Sheriff's Department threatened Hearn with arrest for attempting to block a "County road." Hearn alleges she constructed the fence at a different location, but Hinds County personnel returned and removed the fence anyway.

Additionally, around 2009, Hearn attempted to expand the Smith Apartments parking lot onto the disputed corner of Smith Drive, by painting spaces and installing parking stops. Hinds County deputies told the residents to move their cars, and the deputies removed the parking stops.

Hearn sued in federal court asserting diversity jurisdiction because she resides in Florida and only occasionally visits Smith Apartments in Mississippi. The district court struggled to make sense of Hearn's and the Appellees' various filings. Ultimately, the court construed Hearn's complaint to assert several tort claims and property claims against Hinds County's Board of Supervisors and Department of Public Works and its officials under Mississippi law.[2] The court dismissed Hearn's tort claims against the Hinds County officials, the Hinds County Board of Supervisors, and the Hinds County Public Works as barred by the Mississippi Tort Claims Act. The court also found, in the alternative, that the statute of limitations had expired on Hearn's state law tort claims because she did not file suit within one year of the 2004 fence incident and the 2009 parking lot incident.

The district court construed Hearn's first amended complaint liberally to contain a sufficiently stated state law property claim—although brought against the wrong party. Accordingly, the district court dismissed these

---

[2] The court noted the complaint was "long on legal jargon but is otherwise vague," leaving the court and the defendants "to guess at the true nature of her claims."

claims, but granted Hearn leave to amend. The court also helpfully told Hearn to substitute the proper party (which it named)—Hinds County, Mississippi—for the current defendants. The court instructed Hearn "to file a renewed motion to amend within fourteen days that attaches a proposed second amended complaint naming the proper party and raising state-law property claims."

Hearn did not accept the court's invitation to amend her complaint within the prescribed time period. Instead, after the time to amend had lapsed, Hearn filed a Federal Rule of Civil Procedure ("Rule") 59(e) motion for reconsideration and a notice of appeal. The district denied the motion for reconsideration, but granted Hearn an additional 14 days leave to amend her complaint. Again, Hearn declined to amend her complaint and instead filed a Rule 60(b) motion for relief from judgment and another notice of appeal. The court granted Hearn another 14 days leave to amend, but this time, it warned "[f]ailure to do so within 14 days of entry of this Order will result in dismissal of the case without further notice."

After this third opportunity to amend and the court's final warning, Hearn filed another motion for relief of the judgment and did not file an amended complaint within the prescribed time period. Accordingly, the Appellees moved to dismiss the complaint with prejudice under Rule 41(b), and the district court dismissed the case with prejudice. Hearn timely appealed, on several occasions.

## II. DISCUSSION

On appeal, Hearn challenges the district court's decision dismissing her complaint for failure to state a claim, with leave to amend, and its decision dismissing her case for failure to prosecute when she did not amend her

No. 13-60345
c/w 13-60449; 13-60508

complaint after repeated warnings.[3] This Court has jurisdiction to review the district court's final judgment. 28 U.S.C. § 1291. The district court had diversity jurisdiction under 28 U.S.C. § 1332. We apply Mississippi substantive law and federal procedural law to the state law claims. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

"We review a district court's dismissal under Rule 12(b)(6) de novo, 'accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs.'" *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc) (citation omitted). "To survive dismissal pursuant to Rule 12(b)(6), plaintiffs must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

We review a district court's Rule 41(b) "dismissal with prejudice for failure to prosecute for abuse of discretion." *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1189, 1191 (5th Cir. 1992). Because a dismissal with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim," we affirm a dismissal with prejudice "only if: (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice." *Coleman v. Sweetin*, 745 F.3d 756, 765 (5th Cir. 2014) (citation and internal quotation marks omitted)).

---

[3] We do not consider Hearn's arguments that the district court's ruling was erroneous under the Mississippi Constitution and the U.S. Constitution, because those arguments were not properly raised before the district court. *See AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 700 (5th Cir. 2009) ("[A]rguments not raised before the district court are waived and will not be considered on appeal unless the party can demonstrate 'extraordinary circumstances.'"). To the extent Hearn intends to assert other arguments on appeal, those arguments are deemed abandoned as inadequately briefed. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim."); *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) ("Although we liberally construe the briefs of pro se appellants, we must also require that arguments must be briefed to be preserved.").

No. 13-60345
c/w 13-60449; 13-60508

Here, the district court did not err in dismissing Hearn's tort claims as barred by either the statute of limitations or the Mississippi Tort Claims Act, and did not abuse its discretion in dismissing Hearn's remaining claims with prejudice.  The Mississippi Tort Claims Act is a limited waiver of the state's sovereign immunity for certain torts committed by government entities and their employees.  *See Dancy v. E. Miss. State Hosp*, 944 So. 2d 10, 15 (Miss. 2001).  As such, the Tort Claims Act is the "exclusive remedy against a governmental entity and its employees."  *Estate of Williams ex rel. Williams v. City of Jackson*, 844 So. 2d 1161, 1164 (Miss. 2003).  We construe this waiver "in favor of limiting liability."  *Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 306 (5th Cir. 2006) (quoting *In re Foust*, 310 F.3d 849, 865 (5th Cir. 2002)).

In light of Mississippi law, the district court properly concluded that the complaint failed to allege the County's employees were acting outside the scope of their employment.  *See* Miss. Code Ann. § 11-46-7(2), (7) (prohibiting liability for employees acting "within the course and scope" of employment and establishing a "rebuttable presumption" that a given act is within that scope).  Further, the district court correctly concluded Hinds County is the proper party, not its related departments—the Board of Supervisors or the Department of Public Works.  *See Brown v. Thompson*, 927 So. 2d 733, 738 (Miss. 2006) ("The proper governmental entity to name as defendant in this suit is Bolivar County, not the Bolivar County Sheriff's Department").  Finally, the district court properly concluded Hearn's tort claims were untimely under the Tort Claims Act's one-year statute of limitations, as the events occurred in 2004 and 2009, and Hearn did not file suit until 2011.  *See* Miss. Code. Ann. § 11-46-11(3)(a) ("All actions brought under this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise

7

actionable conduct on which the liability phase of the action is based . . . .").

Therefore, the district court did not err in dismissing Hearn's tort claims with prejudice and property claims with leave to amend.

Further, the district court did not abuse its discretion in dismissing Hearn's action—including her potentially meritorious property claims—with prejudice for failure to prosecute. The record before the district court establishes a "clear record of delay or contumacious conduct by the plaintiff." *See Coleman*, 745 F.3d at 766. Hearn filed more than 50 separate motions, most of which were not truly motions, but instead rehashed or supplemented arguments that she previously made in prior motions. The district court noted that it had little opportunity to resolve the issues in the case "because the briefing never ends," and ultimately, it had to issue a "cease-fire order." Even during the "cease-fire," Hearn did not comply with the district court and continued to file motions. Moreover, when the district court granted Hearn three opportunities to amend her complaint and specifically instructed her how to do so, she instead filed more motions and multiple notices of appeal. Finally, the district court specifically admonished Hearn, in its last order granting her leave to amend, that her failure to file an amended complaint would result in dismissal with prejudice. Accordingly, the district court did not abuse its discretion in concluding "lesser sanctions would not serve the best interests of justice." *See Coleman*, 745 F.3d at 766. Thus, the district court did not abuse its discretion by dismissing Hearn's case with prejudice for failure to prosecute under Rule 41(b).

## III.   CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal.

No. 13-60345
c/w 13-60449; 13-60508

IT IS ORDERED THAT appellant's motion for concurrence with appeal by right, permission or statement of any objections to proceed with appeal 13-60345 in the United States Court of Appeals for the Fifth Circuit is DENIED.

IT IS FURTHER ORDERED THAT appellant's motion to stay District Court proceedings is DENIED.

IT IS FURTHER ORDERED THAT appellant's motion to amend reply brief, in appeals 13-60449 and 13-60508, is DENIED.

IT IS FURTHER ORDERED THAT appellant's motion for court ordered withdrawal of appearance of Scherrie Lonnette Prince and the striking or setting aside of her influences is DENIED.

IT IS FURTHER ORDERED THAT appellant's motion for sanctions against Scherrie Lonnette Prince for related added costs and delays, in appeals 13-60449 and 13-60508, is DENIED.

IT IS FURTHER ORDERED THAT appellant's motion, for court ordered investigation pursuant to Federal Rule of Appellate Procedure and 5th Circuit Rule 46 is DENIED.

IT IS FURTHER ORDERED THAT appellant's motion for sanctions and added costs against Roy A. Smith, Jr. and Sandra Buchannan is DENIED.

IT IS FURTHER ORDERED THAT appellant's motion for the handling of motions is DENIED.

IT IS FURTHER ORDERED THAT appellant's motion to refer motion for court ordered withdrawal of appearance of Scherrie Lonnette Prince, the striking or setting aside of her influences and sanctions for related added costs and delays, to a panel of judges is DENIED.

IT IS FURTHER ORDERED THAT appellant's motion to substitute Douglas Anderson, Phil Fisher, and George Smith with Darrel McQuirter,

No. 13-60345
c/w 13-60449; 13-60508

Tony Greer and Kenneth Stokes and to change the capacity for Robert Graham and Phil Fisher to only their official person capacity is DENIED.

IT IS FURTHER ORDERED THAT appellant's motion for sanctions against Scherrie L. Prince, Sandra Buchannan and Roy A. Smith, Jr. is DENIED.