# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01455-COA

EVELYN BARNES, BEN BARNES, AND                    APPELLANTS
DESMOND YOUNG, A MINOR, BY AND
THROUGH ORTHIA HERRING, HIS NEXT OF
KIN

v.

CITY OF CANTON, MISSISSIPPI AND THE               APPELLEES
CANTON CONVENTION AND VISITORS
BUREAU

DATE OF JUDGMENT:            09/18/2014
TRIAL JUDGE:                 HON. JOHN HUEY EMFINGER
COURT FROM WHICH APPEALED:   MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANTS:     JANE E. TUCKER
ATTORNEYS FOR APPELLEES:     WALKER REECE GIBSON
                             ROBERT P. THOMPSON
                             ANDY LOWRY
                             CARYN L. MILNER
NATURE OF THE CASE:          CIVIL - OTHER
TRIAL COURT DISPOSITION:     GRANTED THE CANTON CONVENTION
                             AND VISITORS BUREAU'S MOTION TO
                             DISMISS AND GRANTED THE CITY OF
                             CANTON'S MOTION FOR SUMMARY
                             JUDGMENT
DISPOSITION:                 AFFIRMED - 05/03/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND ISHEE, JJ.**

**LEE, C.J., FOR THE COURT:**

## FACTS AND PROCEDURAL HISTORY

¶1.    On December 23, 2011, Evelyn Barnes and her grandson, Desmond Young, were

riding a small train around the town square in Canton, Mississippi, as part of a Christmas

celebration when an accident occurred, injuring Barnes and Young. On December 17, 2012, Barnes and her husband, Ben Barnes, filed suit in the Madison County Circuit Court against the Canton Convention and Visitors Bureau (the Bureau) and the City of Canton (the City) alleging negligence. Young, by and through Orthia Herring, also filed a similar suit against the Bureau and the City. The two lawsuits were eventually consolidated.

¶2. Prior to consolidation, the Bureau filed separate motions to dismiss both the Barnes lawsuit and the Young lawsuit. The City filed a motion to dismiss and/or motion for summary judgment in both lawsuits. After a hearing regarding the Bureau's motions to dismiss, the trial court granted the motions, finding that the Bureau was a separate legal entity covered by the Mississippi Tort Claims Act (MTCA) and that Barnes and Young (collectively "Barnes") failed to give the Bureau proper notice of the claim under Mississippi Code Annotated section 11-46-11 (Rev. 2012). After a hearing regarding the City's motions to dismiss and/or motions for summary judgment, the trial court granted summary judgment in favor of the City, finding that Barnes failed to present a question of material fact regarding the City's liability.

¶3. Barnes now appeals, asserting the following issues: (1) the Bureau is not a separate entity from the City; (2) even if the Bureau were a separate entity, the MTCA does not automatically provide immunity; (3) the Bureau is estopped from claiming improper service of process; (4) the driving of a train is not a discretionary function for which the City would be immune; and (5) alternatively, the driver of the train was employed by both the City and the Bureau.

**STANDARD OF REVIEW**

¶4. We review a trial court's grant or denial of a motion to dismiss utilizing a de novo standard of review. *Kimball Glassco Residential Ctr. Inc. v. Shanks*, 64 So. 3d 941, 944 (¶8) (Miss. 2011). We also review a trial court's grant or denial of a motion for summary judgment under a de novo standard. *Case v. Bd. of Sup'rs of Lauderdale Cty.*, 164 So. 3d 1043, 1045 (¶6) (Miss. Ct. App. 2014). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories[,] and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). When reviewing such a motion, we view the evidence in the light most favorable to the party against whom the motion has been made. *Hudson v. Courtesy Motors Inc.*, 794 So. 2d 999, 1002 (¶7) (Miss. 2001). The opposing party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). However, the Court reviews conclusions of law, including the proper application of the MTCA, de novo. *City of Jackson v. Presley*, 40 So. 3d 520, 522 (¶9) (Miss. 2010).

**DISCUSSION**

I. **Separate Entity**

II. **Immunity Under MTCA**

¶5. As these two issues are related, we will address them together. We first address whether the Bureau is a separate entity from the City for purposes of the MTCA. If yes, then

3

we must determine if the Bureau is a political subdivision under the MTCA. If yes, then we must determine whether a notice of claim was given to the Bureau pursuant to section 11-46-11. Barnes argues that the Bureau is not a separate political entity but an arm of the City. Barnes cites to *Brown v. Thompson*, 927 So. 2d 733 (Miss. 2006), for support. The Mississippi Supreme Court held in *Brown* that a sheriff's department is not a political subdivision within the meaning of the MTCA and, thus, does not have a legal existence separate from its respective county under which it can be sued. *Id*. at 737 (¶12). The court held that the trial court properly dismissed the case since Rodney Brown only sued the sheriff's department and failed to name Bolivar County as the proper defendant. *Id*. The court reviewed the structural relationship between counties and sheriff's departments in reaching its conclusion, focusing on the procedures for budgeting and financing sheriff's departments. *Id*. at 737-38 (¶13). The court noted that the sheriff's department was required to submit its budget to the county for approval, and the county "may increase or reduce said amount as it deems necessary and proper." *Id*. (quoting Miss. Code Ann. § 19-25-13 (Rev. 2012)). The court stressed that "money flows from the county, which would suggest that judgments against the sheriff or deputies are ultimately paid out of the county treasury." *Id*.

¶6.     Barnes argues that the instant case is similar to *Brown* because the Bureau's budget must be approved by the City. This is correct. However, the Bureau is funded by a tax, the proceeds of which are deposited into a separate account, not the City's general fund.[1] This

___

[1] The Bureau was created in 1989 when the Legislature passed Senate Bill 2931, which became Local and Private Law Chapter 866. The law was subsequently amended in 1994 by House Bill 839 and became Local and Private Law Chapter 944.

separate account is dedicated solely to the Bureau's activities. Furthermore, the Legislature vested the Bureau with a variety of powers, including: the purchasing and selling of real estate and property; entering into leases; the acquisition and restoration of historic sites; the ability to borrow money and issue promissory notes; and hiring and compensating personnel. The Bureau pays for purchases and leases through its revenue and can keep any profits from a sale. For these reasons, we find that *Brown* is distinguishable from the instant case. And Barnes has not presented any other Mississippi cases on point to support her position. We find that the Bureau is a separate entity from the City.

¶7.     Barnes next argues that even if the Bureau is a separate entity from the City, it is a private entity and not a political subdivision granted immunity under the MTCA. Mississippi Code Annotated section 11-46-1(i) (Supp. 2015) states that a political subdivision is

> any body politic or body corporate other than the state responsible for governmental activities only in geographic areas smaller than that of the state, including, but not limited to, any county, municipality, school district, charter school, volunteer fire department that is a chartered nonprofit corporation providing emergency services under contract with a county or municipality, community hospital as defined in Section 41-13-10, airport authority, or other instrumentality of the state, whether or not the body or instrumentality has the authority to levy taxes or to sue or be sued in its own name.

¶8.     "Body politic" has been defined as "a body incorporated by the state and charged with the performance of a public duty, such as a . . . corporate body created for the sole purpose of performing one or more municipal functions." *Urban Renewal Agency of Aberdeen v. Tackett*, 255 So. 2d 904, 905 (Miss. 1971). And "governmental activities" under the MTCA "are those which are performed pursuant to the act of statute or are a matter of public necessity." *Spencer v. Greenwood/Leflore Airport Auth.*, 834 So. 2d 707, 711 (¶12) (Miss.

5

2003). Here, the Bureau is a political subdivision, as it was created by the Legislature to carry out duties for the City – primarily, promoting tourism for the benefit of the City and its citizens.

¶9. Since we find the Bureau is a political subdivision, Barnes was required to file a notice of claim on the Bureau. *See* Miss. Code Ann. § 11-46-11(1). This did not occur; thus, we affirm the trial court's decision to grant the Bureau's motion to dismiss.

### III. Improper Service of Process

### IV. Driving a Train Is Not a Discretionary Function

¶10. Since we find the motion to dismiss was properly granted for failing to file a notice of claim, we decline to address these issues.

### V. Darryl Harris Was a Dual Employee

¶11. Lastly, Barnes contends that Harris, the driver of the train, was employed by both the City and the Bureau. Barnes argues that the City has not established that Harris was acting solely on behalf of the Bureau while driving the train. However, the City had produced an affidavit from Harris indicating that he "was not carrying out any service or function for the City of Canton" when the accident occurred. Harris stated he was hired and paid by the Bureau. Barnes has produced no evidence to the contrary. In granting summary judgment for the City, the trial court found that the City had shown it was not liable for the actions of the Bureau or Harris. We agree. This issue is without merit.

¶12. **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

6

IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. GRIFFIS, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.