## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00874-COA

TINA LEE                                                        APPELLANT

v.

KELLER WILLIAMS REALTY                                         APPELLEE

DATE OF JUDGMENT:               05/20/2016
TRIAL JUDGE:                    HON. ROBERT P. CHAMBERLIN
COURT FROM WHICH APPEALED:      DESOTO COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         TINA LEE (PRO SE)
ATTORNEYS FOR APPELLEE:         LAWRENCE LEE LITTLE
                                TARA BETH SCRUGGS
NATURE OF THE CASE:             CIVIL - CONTRACT
DISPOSITION:                    AFFIRMED - 11/28/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., CARLTON AND GREENLEE, JJ.

### GREENLEE, J., FOR THE COURT:

¶1.     Tina Lee appeals the DeSoto County Circuit Court's grant of Keller Williams Realty's motion for summary judgment dismissing Lee's complaint concerning her leased home's conditions. Because the lease agreement's provisions control and Keller Williams did not assume the duty to repair, the trial judge did not err in granting summary judgment. We therefore affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     On April 19, 2013, Lee entered into an agreement with Keller Williams, through its agent Melissa Parish, to lease a residence in Horn Lake, Mississippi. The lease was for a period of approximately one year, with rent to be paid monthly in the sum of $875. Under the

terms of the agreement, Lee agreed that the premises would be occupied by only two occupants—herself and her seven-year-old son. Further, the agreement contained a "condition of the premises" clause and an "indemnity" clause, which relieved Keller Williams of its duty to make repairs to the property after the inception of the lease.

¶3.    Lee moved into the property on May 17, 2013, finding that it was in good condition. Three days later, after a heavy rain, the back room began to flood. This allegedly occurred many times throughout the lease period, and, according to Lee, she informed Parish of the problem. The occasional flooding and resulting mold, according to Lee, resulted in damages to herself and her son.

¶4.    On March 20, 2014, Lee filed a complaint against Keller Williams and Anderson Rentals LLC alleging negligence and breach of contract for failure to repair the property or relocate her to another property. On July 8, 2015, without notice to the parties or permission from the court, Lee filed a "Supplemental and Amended Complaint," adding an additional negligence claim for permanent injuries to her son in the form of ringworm and a mold allergy. Subsequently, Keller Williams and Anderson Rentals moved for summary judgment. After holding a hearing on the matter, the trial court judge granted Keller Williams's motion for summary judgment and dismissed the case against Anderson Rentals. Lee appealed the grant of Keller Williams's summary-judgment motion to this Court.

¶5.    On appeal, Lee asserts the trial court erred because (1) she did not waive Keller Williams's duty to repair the property, and (2) Keller Williams assumed the duty to repair. Additionally, Keller Williams asserts that Lee's amended complaint was not procedurally

proper before the circuit court and cannot be a basis for appeal.

## STANDARD OF REVIEW

¶6.     Grants of summary judgment are reviewed de novo, with the evidence viewed in the light most favorable to the nonmovant. *Karpinsky v. Am. Nat'l Ins.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013). Upon review, this Court examines "all the evidentiary matters before [it], including admissions in pleadings, answers to interrogatories, depositions, and affidavits." *Albert v. Scott's Truck Plaza Inc.,* 978 So. 2d 1264, 1266 (¶5) (Miss. 2008) (citation omitted). "If no genuine issue of material fact exists and the moving party is entitled to [a] judgment as a matter of law, summary judgment should be entered in that party's favor." *Stringer v. Trapp*, 30 So. 3d 339, 341 (¶9) (Miss. 2010).

## DISCUSSION

### I.     Amendment of Pleadings

¶7.     After Keller Williams answered Lee's complaint, Lee filed a supplemental and amended complaint without consent of the opposing side or permission from the circuit court. Keller Williams asserts that this amended complaint and its claims made on behalf of Lee's minor child were not properly before the circuit court and cannot be a basis for appeal. Keller Williams argues that Lee filed her supplemental and amended complaint in violation of Mississippi Rule of Civil Procedure 15 because Keller Williams had answered Lee's original complaint before she filed her supplemental and amended complaint. After reviewing the record, we find the supplemental and amended complaint was not properly allowed to be filed and cannot be before this Court on appeal.

¶8. Rule 15 allows a party to amend a pleading as a matter of course until a responsive pleading has been served or after service of such responsive pleading with permission of the circuit court. M.R.C.P. 15(a). While the decision on a motion to amend is in the sound discretion of the trial court and will not be overturned unless there was a clear abuse of discretion, the record here is void of any motion for leave to amend by Lee. Therefore, under our law, the supplemental and amended complaint had not been properly filed and should have been struck. *D.P. Holmes Trucking LLC v. Butler*, 94 So. 3d 248, 255 (¶20) (Miss. 2012) ("If a party fails to seek leave of the court or permission of the opposing party prior to amending the pleadings, such amendment is improper and will be struck.").

¶9. Lee asserts that Keller Williams fails to point to any part of the record where a motion to strike her amended complaint was made and heard by the trial court, and, therefore, Lee asserts Keller Williams waived this argument. However, on August 10, 2015, Keller Williams filed a motion to dismiss Lee's supplemental and amended complaint, citing Rule 15. While the record does not indicate that the judge entered an order dismissing the amended complaint, the transcript from the summary-judgment hearing makes it clear that the judge did not consider Lee's supplemental and amended complaint. Notwithstanding the judge's failure to rule on the motion to dismiss Lee's amended complaint, the supplemental and amended complaint was not properly before the court, making Lee's argument moot.

¶10. The record is clear that Lee filed her first complaint on March 20, 2014, and on April 22, 2014, Keller Williams filed its answer and affirmative defenses. Once Keller Williams filed its answer, a responsive pleading, Lee lost her ability to file an amended pleading as a

matter of course. It was not until July 8, 2015, that Lee filed a supplemental and amended complaint. There is no record that Lee obtained the court's or opposing side's permission before filing this amended complaint. Thus, the supplemental and amended complaint was not procedurally proper. With the resolution of this issue, we will now turn to Lee's individual claim.

### II.  Keller Williams's Duty

¶11.    As the plaintiff in a breach-of-contract claim, Lee bore the burden to prove the existence of a valid contract, a breach of that contract, and damages. *Suddith v. Univ. of S. Miss.*, 977 So. 2d 1158, 1175 (¶35) (Miss. Ct. App. 2007).  The circuit court held that Lee failed to provide sufficient evidence to establish the existence of an essential element on which she bears the burden of proof at trial—namely the breach of any duty owed under the contract. *See Buckel v. Chaney*, 47 So. 3d 148, 153 (¶10) (Miss. 2010) ("Moreover, summary judgment is appropriate when the non[ ]moving party has failed to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." (Internal quotations omitted)).

¶12.    Lee urges that we should find Keller Williams breached its duty to make repairs to the property or relocate her to another property. Her argument is based on dual assertions. First, she asserts the condition-of-the-premises clause and indemnity clause did not constitute a waiver because they violated Mississippi statutory law and are against public policy. Next, she asserts Keller Williams had constructive knowledge of the dangerous condition and assumed the duty to repair the property through the actions of its agent, Parish. We find no

5

merit to either assertion.

## A.    *Waiver of Duty*

¶13.    First, Lee asserts that the condition-of-the-premises and indemnity clauses within Keller Williams's agreement did not constitute a waiver because they violated Mississippi statutory law and are void as a matter of public policy. This issue was not previously raised in any pleadings or at the summary-judgment hearing. It therefore cannot be properly raised before the Court today. *Brown v. Thompson,* 927 So. 2d 733, 738 (¶16) (Miss. 2006) ("It is well[-]settled Mississippi law that there is a procedural bar to considering issues not first raised at trial.").

¶14.    Notwithstanding the improper procedural posture of this issue, we find no merit in Lee's contention. Lee cites two statutory provisions, neither of which apply. First, she attempts to bolster her argument by citing to Mississippi Code Annotated section 89-7-21 (Rev. 2011). Her reliance on this statute is misguided for two reasons. First, this statute by its terms only applies to "lessees of lands for a term of years, life or lives." *Id*.  Lee's lease is not a lease for a term of years, but is rather a periodic month-to-month lease. *See* Miss. Code Ann. § 89-8-19(1) (Rev. 2004) ("Unless the rental agreement fixes a definite term a tenancy shall be week to week in case of a tenant who pays weekly rent, and in all other cases month to month."). Second, section 89-7-21 is wholly about the lessee's right of recovery against assignees of the lessor. This statutory provision extends a lessee's right against the lessor to any assignees of the lessor. Keller Williams, the lessor, has not assigned or gifted its right to another party, and therefore this statute does not apply. Lee apparently asserts that

6

this statute gives rise to an additional duty of Keller Williams. Even if this statute were applicable to this case, it does not establish any additional duties or obligations of the lessor.

¶15.   Next, she relies on Mississippi Code Annotated section 75-24-161(c) (Rev. 2016).[1] Her reliance on this statute is also misguided, as this statute concerns rental-purchase agreements. By its definition section, a rental-purchase agreement is "an agreement for the use of personal property by a natural person primarily for personal, family or household purposes, for an initial period of four (4) months or less that is automatically renewable with each payment after the initial period, . . . *and that permits the consumer to become the owner of the property*." Miss. Code Ann. § 75-24-153(f) (Rev. 2016) (emphasis added). The agreement in the current case is simply a residential lease. There is no provision in the rental agreement that purports to offer any ownership interest in the property besides that of a tenant.

¶16.   Despite the inapplicability of these statutes to the current case, Mississippi has adopted an implied warranty of habitability. *See Sweatt v. Murphy*, 733 So. 2d 207, 209-10 (¶¶7-8) (Miss. 1999). This warranty imposes a duty on all landlords to "provide reasonably safe premises at the *inception of a lease*, and to exercise reasonable care to repair dangerous defective conditions upon notice of their existence by the tenant, unless *expressly waived by the tenant*." *Martin v. Rankin Circle Apartments,* 941 So. 2d 854, 862 (¶32) (Miss. Ct. App. 2006) (emphasis added) (quoting *Sweatt,* 733 So. 2d at 210 (¶7)). Waiver constitutes an act or inaction voluntarily and intentionally made evincing the relinquishment of a known right.

---

[1] Lee's brief incorrectly refers to this statute as 41-24-161(c).

*See Rolison v. Fryar,* 204 So. 3d 725, 733 (¶16) (Miss. 2016). Further, the Mississippi Residential Landlord and Tenant Act provides that a "landlord and tenant may agree in writing that the tenant perform some or all of the landlord's duties under this section, but only if the transaction is entered into in good faith." Miss. Code Ann. § 89-8-23(3) (Rev. 2011). Moreover, "[c]lauses that limit liability are given strict scrutiny . . . and are not to be enforced unless the limitation is fairly and honestly negotiated and understood by both parties." *Royer Homes of Miss. v. Chandeleur Homes Inc.*, 857 So. 2d 748, 754 (¶22) (Miss. 2003). Thus the question becomes whether Lee and Keller Williams entered into the agreement in good faith, with an understanding of the agreement's provisions.

¶17.    Keller Williams, relying on Lee's deposition and the terms of the agreement, asserts that the agreement was entered into in good faith. Lee asserts that she did not knowingly waive any of her rights, nor did she know that she was waiving the rights of her minor child.

¶18.    Reviewing the record, it is clear that Lee understood the agreement's provisions and that she voluntarily entered into the agreement with such provisions, constituting a waiver. Repeatedly, in answering Keller Williams's requests for admission and in her deposition, Lee admitted that she fully understood the agreement and the contents therein. Further, the first page of the agreement contained a provision stating that "[t]his is a legally binding document. If any party to this lease does not fully understand it, or has any question, the party should seek advice from competent legal professional before signing." Because the record is clear and undisputed that Lee entered into the agreement voluntarily with a full understanding of its contents, the agreement and its provisions waiving Keller Williams's duty to repair are

valid and enforceable.

### B. Assumption of Duty

¶19.    Lee argues that, regardless of the waiver of duty, Keller Williams assumed the duty to make repairs through the actions of its agent. Lee claims, as she did at the summary-judgment hearing, that she informed Parish of the conditions several times via email with pictures attached. Lee claimed that Parish's response to those emails—that she would see what could be done—is sufficient to show that Keller Williams assumed the duty to repair. The trial judge found that this argument was insufficient to "take this case out of the terms of the contract." We agree.

¶20.    In Mississippi, it is well established that a duty can be assumed in two ways, by contract or detrimental reliance on a gratuitous promise. *Doe v. Hunter Oak Apartments L.P.*, 105 So. 3d 422, 427 (¶20) (Miss. Ct. App. 2013). In the present case there has been no evidence suggesting that the duty was assumed through the contract. So if a duty were assumed, as asserted by Lee, it could have only been through a gratuitous promise. This Court, in *Doe*, summarized assumption of duty through gratuitous promise as follows:

> The mere promise to act does not create a duty to act. The promise to act must induce detrimental reliance for liability to arise. For a party to be held liable for negligent performance of a gratuitous or voluntary act, the plaintiff must show detrimental reliance on the performance.

*Id.* (internal citations and quotation marks omitted). In the present case, Lee has failed to show any evidence of detrimental reliance on a gratuitous promise. The only evidence Lee offers to support her claim is that Parish told her that she would see what she could do. This statement alone is not enough for assumption of a duty; there was no promise for any

detrimental reliance to be based upon.

¶21.	Lee further asserts, for the first time in her brief, that Parish's knowledge of the conditions is similar to constructive knowledge in slip-and-fall cases, citing *Drennan v. Kroger Co.,* 672 So. 2d 1168 (Miss. 1996). While this is the correct law in slip-and-fall scenarios, the case before us today is not a slip-and-fall case. Slip-and-fall cases are based on a business owner or operator's duty to keep the premises in a reasonably safe condition. *Id* at 1170. Unlike a slip-and-fall case, Keller Williams had no duty to keep the premises reasonably safe after the inception of the lease because of the waiver provisions within the agreement, and as Lee had dominion and control over the leased premises.

## CONCLUSION

¶22.	Having reviewed the record and briefs of the parties de novo, we affirm the circuit court's judgment.

¶23.	**AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., CARLTON, FAIR AND WESTBROOKS, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WILSON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. TINDELL, J., NOT PARTICIPATING.**