# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00553-COA

RYNE RANKIN                                                                    APPELLANT

v.

KENNETH MATTHEWS AND HEATHER                              APPELLEES
MATTHEWS

| | |
|---|---|
| DATE OF JUDGMENT: | 03/10/2015 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | PAMELA NETTERVILLE GRADY |
| | JONATHAN C. TABOR |
| | LEIGH-ANN TABOR |
| | EMILY HENRY BURCH |
| ATTORNEYS FOR APPELLEES: | WILLIAM M. DALEHITE JR. |
| | EMILIE FISCHER WHITEHEAD |
| | JAMES SETH MCCOY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT |
| DISPOSITION: | AFFIRMED: 08/09/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE LEE, C.J., CARLTON AND FAIR, JJ.

### FAIR, J., FOR THE COURT:

¶1.    Ryne Rankin was attending a party on Kenneth and Heather Matthews' property, when he was struck by another partygoer. Rankin sustained serious injuries. The assailant was tried, found guilty by a youth court, and ordered to pay restitution to Rankin. Rankin then sued the Matthews on premises liability grounds. The Warren County Circuit Court classified Rankin as a social guest licensee and granted summary judgment in favor of the

Matthews. Rankin appeals to this Court, arguing that the circuit court erred in: (1) granting summary judgment; (2) classifying him as a social guest licensee; and (3) refusing to extend the *Hoffman*[1] exception based on the Matthews' active negligence. After our own de novo review of the record, we find no genuine issues of material fact. Therefore, we affirm the circuit court's grant of summary judgment.

## FACTS

¶2. In June 2012, the Matthews' son, Connor, asked if he could have friends over to play music. Connor was a member of several bands in the area, and the Matthews had hosted shows like this at their home before. Connor's friend, Jeremy Carroll, helped organize the event. The "concert" was in the Matthews' carport. Upon entry, it was customary for someone to collect a $5 fee to help pay for the gas of the traveling band members. Kenneth and Heather were not involved with the collection of funds.

¶3. Rankin was a member of the band "Common Goals." Carroll invited Rankin's band to play at the Matthews' on June 22, 2012. No one in the band "Common Goals" received any money for gas or for playing in the "concert."

¶4. After Rankin's band played, someone tapped Rankin on the shoulder and said that Carroll wanted to talk to him. Carroll accused Rankin of talking about him. A fight broke out, and Carroll struck Rankin in the mouth. Rankin lost his two front teeth.

## STANDARD OF REVIEW

---

[1] *Hoffman v. Planters Gin Co.*, 358 So. 2d 1008 (Miss. 1978).

¶5.     "We employ a de novo standard of review of a trial court's grant or denial of summary judgment and examine all the evidentiary matters before it . . . ." *Davis v. Hoss,* 869 So. 2d 397, 401 (¶10) (Miss. 2004).  Summary judgment is proper when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c).  "Summary judgment is improper when the plaintiff has advanced enough circumstantial evidence to take [his] claims out of the realm of 'mere conjecture' and plant them in the solid ground of 'reasonable inference.'" *Buckel v. Chaney,* 47 So. 3d 148, 156 (¶26) (Miss. 2010) (citation omitted).

¶6.     "[A]n adverse party may not rest upon the mere allegations or denials of his pleadings, but his response . . . must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). Furthermore:

> [W]hen a party, opposing summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law.

*Galloway v. Travelers Ins.,* 515 So. 2d 678, 684 (Miss. 1987).

## DISCUSSION

¶7.     In a premises liability case, as in all negligence actions, the plaintiff must prove four elements: (1) duty; (2) breach of duty; (3) a causal connection between the breach and the damages; and (4) damages. *Double Quick Inc. v. Lymas*, 50 So. 3d 292, 298 (¶30) (Miss.

2011). When a person is injured on the premises of another, the duty owed depends on whether the person is an invitee, a licensee, or a trespasser at the time of the injury. *Otts v. Lynn*, 955 So. 2d 934, 939 (¶16) (Miss. Ct. App. 2007).

### 1. Rankin's Status

¶8. The injured person's status is the threshold inquiry in any premises liability action. *Nunez v. Spino*, 14 So. 3d 82, 84 (¶12) (Miss. Ct. App. 2009). Rankin's status relative to the Matthews determines what duty they owed him. The circuit court found that Rankin was a social guest licensee. Rankin argues, however, that he was an invitee.

¶9. "[A]n invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage." *Corley v. Evans*, 835 So. 2d 30, 37 (¶21) (Miss. 2003) (quoting *Hoffman v. Planters Gin Co.*, 358 So. 2d 1008, 1011 (Miss. 1978)). A landowner owes an invitee a duty of reasonable care for the invitee's safety. *Hudson v. Courtesy Motors Inc.*, 794 So. 2d 999, 1003 (¶9) (Miss. 2001) (citing *Hall v. Cagle*, 773 So. 2d 928, 929 (¶2) (Miss. 2000)). "A licensee, on the other hand, is defined as a person who enters upon the property of another for his own convenience, pleasure or benefit pursuant to the license or implied permission of the owner." *Id*. A landowner's only duty to a licensee is to refrain from willfully or wantonly causing injury to him. *Hoffman*, 358 So. 2d at 1012.

¶10. The distinction in status between an invitee and licensee focuses on whether the landowner actually receives an advantage, as is necessary for an invitee, or simply permits

4

the person's presence in the case of a licensee. *Daulton v. Miller*, 815 So. 2d 1237, 1239 (¶9) (Miss. Ct. App. 2001). The benefit must have been received from the injured party. *Doe v. Jameson Inn*, 56 So. 3d 549, 555 (¶17) (Miss. 2011).

¶11. So the question becomes whether the Matthews received an advantage from Rankin playing music in their carport. Rankin claims that the Matthews received the benefit and pleasure of experiencing the "concert," thereby converting him to invitee status. Mississippi law, however, does not recognize psychological satisfaction as a benefit to the landowner. *Daulton*, 815 So. 2d at 1239 (¶10). Rather, the benefit must be tangible. *Id*. at 1240 (¶10).

¶12. Here, the only arguably tangible benefit is the $5 collection fee. Rankin claims there is a genuine issue of material fact as to whether the money collected was for the Matthews' benefit. We disagree. Rankin fails to provide any evidence to support his claim. The uncontradicted evidence shows that the money was collected by someone else to help the traveling band members pay for their gas. Rankin's testimony pointed to Carroll as the person in charge of handling the collected money. Further, both Kenneth and Heather testified that they were not involved with the collection of money, nor did they receive any of the collected money.

¶13. Because the Matthews received no benefit from Rankin, we find that Rankin was a licensee. As Rankin was a licensee, the Matthews had the duty to refrain from willfully or wantonly injuring Rankin. A willful or wanton injury is more than mere inadvertence or lack of attention. *Leffler v. Sharp*, 891 So. 2d 152, 159 (¶22) (Miss. 2004). Rather, "the conduct

must differ in quality, as well as in degree, from ordinary negligence" and "constitute a conscious disregard of a known serious danger." *Id*.

¶14. Rankin contends that there are genuine issues of material fact as to whether minors consumed alcohol on the premises and whether Carroll's actions were reasonably foreseeable. And these actions would be a breach of duty on behalf of the Matthews. Not only is there no evidence to support Rankin's claims, neither of these actions would be categorized as willful or wanton. And since the record lacks any other evidence to suggest that the Matthews intended willfully or wantonly to injure Rankin, we cannot find that the Matthews breached any duty to Rankin.

### 2. The *Hoffman* Exception

¶15. Rankin alternatively asks this Court to apply the *Hoffman* exception afforded to licensees. "[T]he *Hoffman* exception is applicable only in premises liability cases where, by a finding of certain factors, the duty of care owed to a licensee should be elevated from 'willful and wanton injury' to a 'reasonable standard of care.'" *Doe*, 56 So. 3d at 553 (¶10) (citing *Little v. Bell*, 719 So. 2d 757, 761 (¶19) (Miss. 1998) (other citations omitted)).

> In order to fall within the *Hoffman* exception, the landowner must be aware of the licensee's presence upon the premises, the landowner must engage in affirmative or active negligence in the operation or control of a business, the landowner['s] conduct in regards thereto must subject the licensee or invitee to unusual danger, or increase the hazard to him, and the landowner's active or affirmative negligence must have proximately caused the plaintiff's injury.

*Little*, 719 So. 2d at 762 (¶22).

¶16. The *Hoffman* exception "carefully limited the new standard of care to those cases

involving injury resulting from active conduct as distinguished from conditions of the premises, or passive negligence." *Hughes v. Star Homes Inc*., 379 So. 2d 301, 304 (Miss. 1980). Further, the exception only applies to cases involving the operation or control of a business. *Little*, 719 So. 2d at 761 (¶19).

¶17. Here, the Matthews were not engaged in affirmative or active negligence while in the operation or control of a business as held by *Little*'s interpretation of *Hoffman*. Thus, the *Hoffman* exception is inapplicable.

## CONCLUSION

¶18. Because we find that Rankin was a licensee and that there is no evidence of willful or wanton conduct, we affirm the circuit court's grant of summary judgment in favor of the Matthews.

¶19. **THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, WILSON AND GREENLEE, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.**