# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01395-COA

**DELOIS KING**                                                        **APPELLANT**

**v.**

**WILLIE B. KING**                                                       **APPELLEE**

DATE OF JUDGMENT:              08/26/2015
TRIAL JUDGE:                   HON. LESTER F. WILLIAMSON JR.
COURT FROM WHICH APPEALED:     KEMPER COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:       WILLIAM T. MAY
                               K. DUSTIN MARKHAM
ATTORNEYS FOR APPELLEE:        JOE S. DEATON III
                               R. JASON CANTERBURY
NATURE OF THE CASE:            CIVIL - PERSONAL INJURY
TRIAL COURT DISPOSITION:       SUMMARY JUDGMENT GRANTED IN
                               FAVOR OF THE APPELLEE
DISPOSITION:                   AFFIRMED - 03/21/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., FAIR AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.     Delois King was injured when a tractor turned over on her while she was on the property of her mother, Willie King. Delois sued her mother on a theory of premises liability. The circuit court granted summary judgment for Willie because Delois failed to present any evidence that Willie's property was unsafe or that Willie breached any duty to warn or duty of care. The circuit court correctly determined that Willie was entitled to judgment as a matter of law. Therefore, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Willie was 101 years old in November 2009, when the incident that gave rise to this lawsuit occurred.  She passed away on or about March 17, 2014.

¶3.     Delois's affidavit, which she submitted in response to Willie's motion for summary judgment, provides the following version of the incident on which her lawsuit is based:  On November 3, 2009, Delois went to Willie's house in De Kalb in response to Willie's "request that [she] remove abandoned junk cars from [Willie's] property."  Willie "directed" Delois "to use the tractor on the premises . . . to accomplish her requested task."  Willie owned and "was familiar with the tractor and its uses."  Willie's instructions "worried" and "concerned" Delois, but Willie "insisted" that Delois "work[] towards completion" of the task.  The tractor turned over on Delois, causing severe injuries.[1]

¶4.     Sherman Fox and Cedric Adams were also present when Delois was injured.  Their affidavits, which were attached to Willie's motion for summary judgment, provide a substantially different version of the incident:  Adams first attempted to load an abandoned junk car onto a trailer using a "come-along" winch.  "When that didn't work, Delois . . . insisted on using a small yard tractor to load the car."  Fox and Adams told Delois that using the tractor in that manner would be "dangerous and tried to dissuade her," but Delois "attempted to load the car using the tractor" anyway.  When she did, "[t]he tractor flipped over on top of [her]."  Fox and Adams say that Willie was not present at the time and gave no instructions regarding the tractor.  Indeed, Fox and Adams state that, as far as they know,

---

[1] At some point prior to signing this affidavit, Delois had stated in response to an interrogatory that she could not recall the details of the incident due to the passage of time and "gaps" in her memory.

2

"no one ever used the tractor other than Delois."

¶5. On April 6, 2012, Delois sued Willie in the Kemper County Circuit Court. Delois's complaint alleged that Willie provided her with an unsafe tractor and failed to warn her of dangerous conditions on the premises. On September 27, 2012, the circuit court appointed a guardian ad litem for Willie after "having made an independent inquiry as to [her] current mental and physical condition." On November 15, 2012, Willie filed a motion for summary judgment.

¶6. On April 22, 2014, Delois filed a suggestion of death pursuant to Mississippi Rule of Civil Procedure 25(a), informing the court that Willie had passed away. Defense counsel subsequently filed a motion to dismiss the case because Delois failed to file a motion to substitute the proper party within ninety days, as required by Rule 25(a)(1). On March 5, 2015, the court denied the motion to dismiss but ordered Delois to open an estate for Willie within thirty days. However, there is nothing in the record to show that an estate was ever opened or substituted as a party.

¶7. On August 7, 2015, the circuit court granted summary judgment for Willie. The court concluded that Willie was entitled to judgment as a matter of law because regardless of whether Delois was an invitee or licensee, there was no evidence that the tractor was dangerous or defective, that Willie's property was in any way unsafe, that there were any hidden dangers on the property, or that Willie breached any duty to Delois.

¶8. Delois filed a timely notice of appeal. She argues that the conflicts between her affidavit and the affidavits of Fox and Adams create genuine issues of material fact. She also

3

emphasizes her claim that she was an invitee on the property. And she asserts that Willie failed to warn her of the "dangerousness of the tractor," the "dangerous condition of the property," or the "dangers that would result from [her] ill-advised use of the tractor."

**ANALYSIS**

¶9.     We review an order granting summary judgment de novo. *Pigg v. Express Hotel Partners LLC*, 991 So. 2d 1197, 1199 (¶4) (Miss. 2008). The movant is entitled to summary judgment if there is no genuine issue of material fact. *Glover ex rel. Glover v. Jackson State Univ.*, 968 So. 2d 1267, 1275 (¶22) (Miss. 2007). "The evidence is viewed in the light most favorable to the party opposing the motion." *Davis v. Hoss*, 869 So. 2d 397, 401 (¶10) (Miss. 2004). But "[t]he non-moving party may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there are genuine issues for trial." *Pigg*, 991 So. 2d at 1199 (¶4) (quoting *Massey v. Tingle*, 867 So. 2d 235, 238 (¶6) (Miss. 2004)). In other words, "the non-movant cannot just sit back and remain silent, but he must rebut by producing significant probative evidence showing that there are indeed genuine issues for trial." *McMichael v. Nu-Way Steel & Supply Inc.*, 563 So. 2d 1371, 1375 (Miss. 1990) (quoting *Newell v. Hinton*, 556 So. 2d 1037, 1041 (Miss. 1990)).

¶10.    To prevail in a premises liability case, a plaintiff must prove the elements of duty, breach of duty, damages, and proximate causation. *See Wilbanks v. Hickman*, 198 So. 3d 393, 397 (¶10) (Miss. Ct. App. 2016). Thus, to avoid summary judgment, Delois must show there is a genuine issue of material fact as to each of these elements. *See id.*

¶11.    "When a person is injured on the premises of another, the duty owed depends on

4

whether the person is an invitee, a licensee, or a trespasser at the time of the injury." *Rankin v. Matthews*, 197 So. 3d 933, 936 (¶7) (Miss. Ct. App. 2016). Like the circuit court, we will assume for purposes of summary judgment that Delois was an invitee on Willie's property. "A landowner owes the highest duty to an invitee," *Keith v. Peterson*, 922 So. 2d 4, 9 (¶10) (Miss. Ct. App. 2005), but even so the landowner "is not an insurer of the invitee's safety." *Caruso v. Picayune Pizza Hut Inc.*, 598 So. 2d 770, 773 (Miss. 1992). Rather the landowner "owes a duty to the invitee to keep the premises reasonably safe and, when not reasonably safe, to warn only of hidden dangers not in plain and open view." *Double Quick Inc. v. Moore*, 73 So. 3d 1162, 1166 (¶13) (Miss. 2011).

¶12.    In the case at hand, the clear differences between Delois's affidavit and the affidavits of Fox and Adams demonstrate that there are indeed disputes of fact. But the mere existence of disputed facts does not preclude summary judgment. "The focal point of our standard for summary judgment is on *material* facts," by which we mean those facts "*that matter[] in an outcome determinative sense*." *Simmons v. Thompson Mach. of Miss. Inc.*, 631 So. 2d 798, 801 (Miss. 1994). "The existence of a hundred contested issues of fact will not thwart summary judgment where there is no genuine dispute regarding the material issues of fact." *Sanders v. Advanced Neuromodulation Sys. Inc.*, 44 So. 3d 960, 965 (¶11) (Miss. 2010) (quoting *Moss v. Batesville Casket Co.*, 935 So. 2d 393, 399 (¶17) (Miss. 2006)); *see also Summers ex rel. Dawson v. St. Andrew's Episcopal Sch. Inc.*, 759 So. 2d 1203, 1208 (¶12) (Miss. 2000) ("Numerous, immaterial facts may be controverted, but only those that affect the outcome of the suit under the governing law will properly preclude the entry of summary

5

judgment." (quotation marks omitted)).

¶13.    Only immaterial facts are controverted in this case. For even if we assume that Delois was an invitee and that everything in her affidavit is true,[2] Willie is entitled to judgment as a matter of law. Delois offers conclusory assertions such as that the tractor and unspecified "conditions of the premises" were "dangerous," that Willie knew or should have known of their "dangerousness," and that Willie failed to warn her. However, the record is completely devoid of *evidence* that the property or tractor was unsafe or possessed any hidden dangers that were known, or should have been known, to Willie. There is no evidence that the tractor turned over because of some unusual feature of the land. Nor is there any evidence that the tractor was anything but an ordinary tractor. All the record shows is that a tractor turned over on Delois as she was operating it on Willie's property. Absent additional evidence, a tractor is not a dangerous condition, and the mere fact that Delois was injured on Willie's property does not make Willie liable for her injuries. Summary judgment was also appropriate because the record is clear that the proximate cause of Delois's injuries was her own decision to use the tractor to attempt to move cars, not any unsafe or dangerous condition on the premises.

¶14.    In short, there is no genuine issue of material fact, and Willie is entitled to judgment as a matter of law, so the circuit court correctly granted her motion for summary judgment.

¶15.    **THE JUDGMENT OF THE CIRCUIT COURT OF KEMPER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

---

[2] Delois's affidavit was the only evidence she submitted in response to Willie's motion for summary judgment.

6

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR.**