942 So.2d 221 (2006)
Nellie TREADWELL, Appellant
v.
CIRCUS CIRCUS MISSISSIPPI, INC. d/b/a Gold Strike Casino Resort, Appellee.
No. 2005-CA-00711-COA.
Court of Appeals of Mississippi.
May 9, 2006.
Rehearing Denied August 29, 2006.
Dana J. Swan, Clarksdale, attorney for appellant.
John Ramsey McCarroll, Douthaven, Eugenia G. McGown, attorneys for appellee.
*222 Before LEE, P.J., GRIFFIS and ROBERTS, JJ.
GRIFFIS, J., for the Court.
¶ 1. While visiting the Gold Strike Casino and Resort in Tunica, Mississippi, Nellie Treadwell fell and injured her left knee. Ms. Treadwell filed a complaint alleging that Circus Circus Mississippi, Inc., d/b/a Gold Strike Casino ("Gold Strike"), was negligent in maintaining its premises. Gold Strike filed a motion for summary judgment, which was granted. On appeal, we find no error and affirm.

FACTS
¶ 2. On June 19, 1999, Nellie Treadwell visited the Gold Strike with her husband and son. After checking into the hotel, the Treadwells went to eat in the Courtyard Buffet at the Gold Strike. After paying for her meal, Mrs. Treadwell slipped and fell. As a result of the fall, Mrs. Treadwell injured her left knee. She was taken to the emergency room, where she received stitches. The next day, Mrs. Treadwell and her family returned to their home in Georgia. Mrs. Treadwell continued to receive medical treatment for the injury to her knee.
¶ 3. On June 14, 2001, Mrs. Treadwell filed a complaint against Gold Strike. She asserted a premises liability claim and argued that her injuries were caused by a dangerous condition that was either caused by Gold Strike or that Gold Strike had actual or constructive knowledge of the dangerous condition prior to her fall.

STANDARD OF REVIEW
¶ 4. This Court employs a de novo standard of review of a lower court's grant or denial of a summary judgment and examines all the evidentiary matters before it admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. McMillan v. Rodriguez, 823 So.2d 1173, 1176(¶ 9) (Miss.2002). The evidence must be viewed in the light most favorable to the party against whom the motion has been made. Id. If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Id. Otherwise, the motion should be denied. Id. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says to the opposite. Id. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. Id. That is, the non-movant should be given the benefit of the doubt. Id.

ANALYSIS
¶ 5. Mrs. Treadwell argues that summary judgment was not proper because there was a factual question as to whether Gold Strike had notice that the dangerous condition existed prior to her injury.
¶ 6. Mrs. Treadwell was an invitee. A business owner owes a business invitee a duty of ordinary care to keep the business premises in a reasonably safe condition. Waller v. Dixieland Food Stores, Inc., 492 So.2d 283, 285 (Miss. 1986). The owner of the business premises has a duty to warn invitees of dangerous conditions which are not apparent to the invitee, of which the owner or occupier knows or through the exercise of reasonable care should know. Id. However, the owner is not an insurer against all injuries which may occur on the premises. Jerry Lee's Grocery, Inc. v. Thompson, 528 So.2d 293, 295 (Miss.1988).
¶ 7. In Munford, Inc. v. Fleming, 597 So.2d 1282, 1284 (Miss.1992), the supreme *223 court established the standard by which a plaintiff may recover in a slip and fall case:
[A plaintiff] must show the proprietor had actual knowledge of a dangerous condition, or the dangerous condition existed for a sufficient amount of time to establish constructive knowledge, in that the proprietor should have known of the condition, or the dangerous condition was created through a negligent act of a store's proprietor or his employees.
¶ 8. There is no evidence in this case to create a question of fact for the jury. None of the three methods to prove negligence in a slip and fall case can be met. There is no evidence that any dangerous condition in fact existed. Ms. Treadwell merely alleges that the floor was slippery. Mrs. Treadwell testified that she did not see anything on the floor where she fell. The following is an excerpt from her deposition:
Q: And do you know whatwas there something on the floor where you fell?
A: I don't remember seeing anything on the floor. All I know, the floor was slippery. That's all I know.
Q: So you are not testifying that there was any substance on the floor that you fell on?
A: I didn't fall on it. I really don't know. I didn't fall. I just slipped.
Mrs. Treadwell's son testified that when he reached his mother after she fell there was nothing on the floor.
¶ 9. Captain Glenn A. Richards of the Rural Metro Fire Department was an eyewitness to the fall. Richards completed a "Security Voluntary Statement," wherein he described the fall. Richards stated that, "I looked up to see an elderly lady slip and fall as she walked past the register into the restaurant. It appeared as if her left leg gave out as the left leg buckled and she landed on her knee while the right leg went straight out." Richards also observed that the floor was dry.
¶ 10. To survive summary judgment, the plaintiff must offer some credible evidence to create a genuine issue of material fact in dispute about the defendant business owner's liability. Since there was no evidence that a dangerous condition existed, the question of whether or not Gold Strike had actual or constructive knowledge of the condition is moot.
¶ 11. The cases cited by Mrs. Treadwell indicate that there was a substance found on the floor where the fall occurred. Here, there was no evidence offered that a substance was found that could have created a question as to whether Gold Strike should have know of its existence.
¶ 12. In Waller, the supreme court determined that the evidence was insufficient to support a jury verdict. Waller, 492 So.2d at 286-87. Mr. Waller slipped and fell at the Piggly Wiggly Supermarket of Taylorsville. Id. at 284. He testified that "he slipped in a puddle of pink liquid he estimated to be eight to ten inches in diameter." Id. The store manager testified that he waxed the floors early that morning but did not use a pink liquid. Id. at 285. He also testified that he and his assistants regularly walked the aisles and he last walked the aisles at 10:00 a.m. Id. The accident happened at 12:30 p.m. Id. The jury awarded Mr. Waller $44,100, and the trial judge granted a judgment notwithstanding the verdict. Id. The trial judge found:
In this case there is no evidence as to what the object or substance was or how it got there. There is also no evidence as to how long the object or substance had been on the floor. The only evidence as to whether or not the defendant knew that the object or substance was on the floor was testimony offered *224 by the defendant that he did not know that the object or substance was on the floor.
Id. The supreme court agreed and held:
Did the manager have actual notice of the spill or did the spill exist for such a length of time that the manager should have known of it through the exercise of reasonable care?
There was no evidence at trial that Phillip Skinner or any of his employees knew of the spilled liquid. To the contrary, Phillip Skinner testified that nothing regarding the spilled liquid had been brought to the store's attention before the allegations made by Mr. Waller. Additionally, there was no evidence tending to prove how long the pink liquid had been on the floor when Mr. Waller slipped in it. To establish a negligence claim in a slip and fall case, proof that the liquid's presence on the floor for a sufficient amount of time to give reasonable notice to the proprietor is required. Douglas v. Great Atlantic & Pacific Tea Co., 405 So.2d at 111.
The only time frame established during the trial was that Phillip Skinner personally inspected the aisles at 10:00 a.m. and that Mr. Waller slipped in aisle three at 12:30 p.m. If the evidence is taken in the light most favorable to the appellant, there was a two and one-half hour lapse between the last documented inspection by Mr. Skinner and the fall of Mr. Waller. Is proof of a two and one-half hour time lapse sufficient to prove how long the liquid had been in the aisle? This Court holds that it is not.
Waller, 492 So.2d at 286.
¶ 13. The evidence presented here indicates that there are no genuine issues of a material fact in dispute and that Gold Strike is entitled to a judgment as a matter of law as it did not have actual or constructive knowledge of a dangerous condition which caused Mrs. Treadwell to slip and fall. For these reasons, we affirm.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., NOT PARTICIPATING.