# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-00266-COA

VIRGINIA W. CASE                                                                     APPELLANT

v.

BOARD OF SUPERVISORS OF LAUDERDALE                                 APPELLEES
COUNTY AND LAUDERDALE COUNTY,
MISSISSIPPI

| | |
|---|---|
| DATE OF JUDGMENT: | 01/11/2013 |
| TRIAL JUDGE: | HON. LESTER F. WILLIAMSON JR. |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WILLIAM E. READY JR. |
| | HENRY P. PATE |
| ATTORNEYS FOR APPELLEES: | J. RICHARD BARRY |
| | JOHN GORDON ROACH III |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEES |
| DISPOSITION: | AFFIRMED - 10/28/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ISHEE, MAXWELL AND JAMES, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.     In April 2010, Virginia W. Case was employed as an animal-control officer in Meridian, Mississippi, when she slipped and fell on a ramp while exiting her office building. She later sued the Board of Supervisors of Lauderdale County, Mississippi, and Lauderdale County, Mississippi (collectively "the county") — the entities responsible for maintaining the building, including the ramp. The county asserted immunity under the Mississippi Tort Claims Act (MTCA) and filed a motion for summary judgment. After a hearing on the

matter, the Lauderdale County Circuit Court granted the motion, and Case now appeals. Finding no error, we affirm.

## STATEMENT OF FACTS

¶2.     Case was hired as an animal-control officer approximately two or three weeks prior to her fall.  According to her testimony, during that time, Case entered and exited her office building by way of the metal exit ramp in question about a dozen times a day without incident.  The record reflects that, at the time of Case's fall, the ramp had existed at the building for at least ten years.

¶3.     On April 9, 2010, Case and fellow animal-control officer Hoses Rockette Jr. left the building.  According to Rockette's affidavit, he walked down the ramp to the exit door at the end of the ramp and held the door open to wait for Case to follow him.  He recalled that while he was holding the door open for her, Case walked onto the ramp and placed her feet side by side.  He stated: "She acted as if she were going to slide down the ramp.  She had a 'Route 44' sized drink from Sonic in her hand.  Both of her feet slipped from underneath her and [she fell.]"  Case denies that she attempted to slide down the ramp.  Regardless, she claims that the fall caused her to lose consciousness, crack her teeth, and injure her back and neck.

¶4.     Testimony from Case, as well as other employees who work in the building, indicates that the ramp can become slippery when wet.  However, the record reflects that on the day in question, the weather conditions were sunny and dry.  The record also shows that there had not been any rain or other wet conditions in the area in the day or so before Case's fall that would have made the ramp slippery.

2

¶5. Nonetheless, on October 21, 2011, Case sued the county claiming the ramp constituted a dangerous condition and that the county failed to adequately warn or protect her against the hazard. The county soon filed a motion for summary judgment asserting governmental immunity under the MTCA. Following a hearing on the matter, the circuit court issued a lengthy analysis, ultimately concluding that the ramp did not create a dangerous condition during dry weather and that the condition of the ramp on the day of the incident was open and obvious to Case. Hence, the motion for summary judgment was granted.

## DISCUSSION

¶6. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories[,] and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). A de novo standard of review is applied to the grant of a motion for summary judgment. *Kilhullen v. Kansas City S. Ry.*, 8 So. 3d 168, 174 (¶14) (Miss. 2009). When reviewing such a motion, "the evidence must be viewed in the light most favorable to the party against whom the motion has been made." *Id.* (quoting *Daniels v. GNB Inc.*, 629 So. 2d 595, 599 (Miss. 1993)). However, the opposing party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e).

¶7. Case's negligence action against the county is governed by the provisions of the MTCA. *See* Miss. Code Ann. § 11-46-7 (Rev. 2012). The MTCA is the exclusive remedy for claims against governmental entities and their employees. *Id.* It provides specific

3

exemptions from tort liability. Miss. Code Ann. § 11-46-9 (Rev. 2012). Section 11-46-9(1)(v) dictates the following:

> A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . . [a]rising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care.

¶8. Our interpretation of section 11-46-9(1)(v) is well settled. In *Howard v. City of Biloxi*, 943 So. 2d 751, 754 (¶5) (Miss. Ct. App. 2006), we stated that in order for a claimant to elude a governmental entity's invocation of immunity in a case such as this, the claimant must show that:

    (1)    an injury was suffered;

    (2)    the injury was caused by a dangerous condition on the property of [the governmental entity] caused by the [negligence] or other wrongful conduct of a [governmental] employee;

    (3)    the [government entity] had either actual or constructive notice of the defect;

    (4)    the [governmental entity] had an adequate opportunity to protect or warn of this defect; and

    (5)    the condition was not open and obvious to one exercising due care.

¶9. Here, Case presents adequate evidence that she suffered an injury due to her fall on the ramp. This is uncontested. Case asserts that the fall was caused by the slippery nature of the ramp itself. Accordingly, she must first prove that the ramp constitutes a dangerous condition.

4

¶10.    The record indicates that the county knew the ramp could be slippery, and potentially dangerous, when it was wet. Several employees at the building stated that they had fallen on the ramp when weather conditions were damp and water from outside was tracked onto the ramp, thereby making it slippery. Nonetheless, there is no evidence in the record that conditions existed that would have made the ramp dangerous when Case fell on it. Rather, the weather conditions were sunny and dry with no prior rainfall that would have had a bearing on the day in question. The record is also void of any indication that the ramp was wet from another source other than weather conditions. Likewise, Case admits that she does not know what caused her to fall, but relies on her bare assertions that the ramp itself was, for unknown reasons, "slick." However, she has no evidence to support her contention that the ramp was dangerously slippery other than the fall itself.

¶11.    Additionally, Case testified that she had traversed the ramp up to a dozen times a day for the two or three weeks prior to her fall without incident. Moreover, Rockette stated that he walked down the ramp directly before Case without falling. Given the evidence before us, we cannot say that the ramp itself constituted a dangerous condition at the time Case fell. This issue is without merit.

¶12.    Hence, Case has failed to overcome the county's assertion of immunity. Finding this to be dispositive, we decline to address Case's argument that the circuit court erred in finding the condition of the ramp to be open and obvious. Instead, we affirm the circuit court's grant of summary judgment to the county.

¶13.    **THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

5

LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. ROBERTS, J., NOT PARTICIPATING.