# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01113-COA

BRUCE PATTERSON                                                          APPELLANT

v.

MI TORO MEXICAN, INC.                                                      APPELLEE

DATE OF JUDGMENT:          07/24/2017
TRIAL JUDGE:               HON. PAUL S. FUNDERBURK
COURT FROM WHICH APPEALED: ALCORN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:    BRIAN L. STARLING
ATTORNEY FOR APPELLEE:     MARC A. SORIN
NATURE OF THE CASE:        CIVIL - PERSONAL INJURY
DISPOSITION:               AFFIRMED - 07/17/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE IRVING, P.J., CARLTON AND WILSON, JJ.

### WILSON, J., FOR THE COURT:

¶1.     On a rainy day in Corinth, Bruce Patterson slipped and fell on a wheelchair ramp as he left Mi Toro, a Mexican restaurant, carrying takeout.[1]  Patterson later sued Mi Toro, but the circuit court granted summary judgment in favor of Mi Toro after concluding that there were no genuine issues of material fact and that the wheelchair ramp was not a "dangerous condition."  We agree with the circuit court and therefore affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     Around lunchtime on November 5, 2014, Patterson went to Mi Toro for takeout.  He

---

[1] Mi Toro has two locations in Corinth.  The slip-and-fall in this case occurred at the Highway 72 location.

went inside the restaurant while his then-fiancée stayed in the car. It was raining at the time, and the parking lot was wet. Patterson picked up his order and left the restaurant. In his deposition, Patterson testified that he slipped and fell on a short wheelchair ramp that connects the parking lot to the sidewalk near the door to the restaurant. The ramp was painted yellow, and Patterson claims that the paint was "slick" because it was wet from the rain and there was no "gravel" or "sand" in the paint. Patterson had used the same door when he entered and exited Mi Toro on about ten prior occasions, and he had never slipped on the ramp or noticed that it was slick. Patterson claims that the ramp appeared "freshly painted" on the day he fell.[2]

¶3.     Patterson told Mi Toro employees that he did not need an ambulance. He drove himself to the hospital because his back, knee, and side hurt, but he left the hospital later that day. In January 2016, he sued Mi Toro in circuit court, alleging that he suffered injuries because Mi Toro failed to keep its property in a safe condition.

¶4.     Mi Toro's manager, Salvador Garcia, testified in his deposition that the ramp was not freshly painted and had not been painted since around 2012. Garcia, who had worked at Mi Toro for twenty years, also testified that he was not aware of any other customer who had ever slipped and fallen on the ramp.

¶5.     After the parties engaged in discovery, Mi Toro moved for summary judgment on the ground that there was no evidence of a dangerous condition on the premises at the time and

---

[2] Patterson's then-fiancée gave similar testimony in her deposition.

2

place of Patterson's fall. The circuit court agreed there was no genuine issue of material fact and granted Mi Toro's motion for summary judgment. Patterson appealed.

## ANALYSIS

¶6. "We review the grant or denial of a motion for summary judgment de novo, viewing the evidence in the light most favorable to the [non-moving] party . . . ." *Karpinsky v. Am. Nat'l Ins.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013) (internal quotation mark omitted). Summary judgment "shall be rendered" if the record evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). Thus, "summary judgment is appropriate when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Karpinsky*, 109 So. 3d at 89 (¶ 11) (internal quotation mark omitted). Furthermore, the non-moving "party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or [deposition testimony, answers to interrogatories, or admissions], must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e).

¶7. There is no dispute in this case that Patterson was a business invitee of Mi Toro. Under Mississippi law, a business "owes a duty to an invitee to exercise reasonable care to keep the premises in a reasonably safe condition . . . ." *Jerry Lee's Grocery Inc. v. Thompson*, 528 So. 2d 293, 295 (Miss. 1988). However, "the store owner is not an insurer of business invitees' injuries," and "mere proof that the invitee fell and was injured while on

3

the premises is insufficient to establish liability." *Jones v. Wal-Mart Stores E. LP*, 187 So. 3d 1100, 1104 (¶12) (Miss. Ct. App. 2016). Rather, a business has certain duties to protect customers from "dangerous conditions" of which the business has actual or constructive knowledge:

> [I]f the operator is aware of a dangerous condition, which is not readily apparent to the invitee, he is under a duty to warn the invitee of such condition. . . . When a dangerous condition on the premises is caused by the operator's own negligence, no knowledge of its existence need be shown. When a dangerous condition on the premises . . . is caused by a third person unconnected with the store operation, the burden is upon the plaintiff to show that the operator had actual or constructive knowledge of its presence.

*Jerry Lee's Grocery*, 528 So. 2d at 295 (citations omitted). As the foregoing discussion indicates, "regardless of the invitee's precise theory of premises liability, proof that her injury was caused by a 'dangerous condition' is an essential element of her claim." *Jones*, 187 So. 3d at 1104 (¶12). "[A] property owner cannot be found liable for the plaintiff's injury where no dangerous condition exists." *Stanley v. Boyd Tunica Inc.*, 29 So. 3d 95, 97-98 (¶10) (Miss. Ct. App. 2010) (internal quotation mark omitted). "*In every premises-liability case, the plaintiff must show that a dangerous condition exists.*" *McCullar v. Boyd Tunica Inc.*, 50 So. 3d 1009, 1012 (¶13) (Miss. Ct. App. 2010) (emphasis added); *see also Adcock v. Wal-Mart Stores E. LP*, No. 3:10-cv-313-DPJ-FKB, 2011 WL 3047623, at *3 (S.D. Miss. July 25, 2011) ("It is axiomatic that no liability attaches absent a dangerous condition." (collecting cases)).

¶8.     We agree with the circuit court that Patterson failed to create a genuine issue of

4

material fact on this essential element of his claim. To begin with, an ordinary wheelchair ramp is an accommodation required by federal law, not a "dangerous condition." *Cf. King v. King*, 229 So. 3d 197, 201 (¶13) (Miss. Ct. App. 2017) (holding that an ordinary tractor is not a dangerous condition). Nor is there evidence that this particular ramp was unusual or dangerous. There is no evidence, for example, that the ramp was defectively designed or in disrepair. Patterson asserted that the ramp was "slick," he opined that sand or gravel should have been added to its yellow paint, and he speculated that it was "freshly painted" when he fell. However, Mi Toro presented evidence that the ramp was not freshly painted and that there have been no other similar incidents on the ramp. Patterson presented nothing to contradict Mi Toro's evidence. Indeed, as the circuit court noted, Patterson presented no evidence as to what type of paint was used—or that some other type of paint should be used on wheelchair ramps. Absent such evidence, and absent proof of any "similar incidents on the [ramp]," "no reasonable jury could conclude the [ramp was] unreasonably dangerous." *Vivians v. Baptist Healthplex*, 234 So. 3d 304, 310 (¶23) (Miss. 2017) (Dickinson, P.J., specially concurring).

¶9. This Court previously has affirmed summary judgment when the plaintiff's only supposed evidence of a dangerous condition was his or her own opinion that a floor or ramp was "slick" or "slippery." In *Treadwell v. Circus Circus Miss., Inc.*, 942 So. 2d 221 (Miss. Ct. App. 2006), the plaintiff testified that she slipped and fell at the casino because "the floor was slippery." *Id.* at 223 (¶8). Notwithstanding her testimony, we held that the casino was

entitled to summary judgment because there was "no evidence that any dangerous condition in fact existed." *Id.* Similarly, in *Case v. Board of Supervisors of Lauderdale County*, 164 So. 3d 1043 (Miss. Ct. App. 2014), the plaintiff testified that she slipped and fell on a metal exit ramp at a county office building because "the ramp itself was, for unknown reasons, 'slick.'" *Id.* at 1046 (¶10). Nonetheless, we held that the county was entitled to summary judgment because the plaintiff had "no evidence to support her contention that the ramp was dangerously slippery other than the fall itself." *Id.* Finally, in *Adcock*, *supra*, the plaintiff testified that she slipped and fell in a Wal-Mart bathroom because the floor was "slick" and appeared "shiny." *Adcock*, 2011 WL 3047623, at *3-*4. Nonetheless, the federal district court held that Wal-Mart was entitled to summary judgment because there was no "evidence of other falls" or any other evidence to show that the floor was a dangerous condition. *Id.* at *4 (following *Treadwell*, *supra*). Patterson's testimony is not materially distinguishable from the testimony of the plaintiffs in *Treadwell*, *Case*, and *Adcock*. Applying the reasoning of those decisions, we likewise hold that Patterson's opinion that the ramp was "slick" is insufficient to survive summary judgment.

¶10. In summary, Patterson failed to create a genuine issue of material fact as to the existence of a dangerous condition on Mi Toro's premises. Accordingly, the circuit court correctly granted Mi Toro's motion for summary judgment.

¶11. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**