# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00531-COA

**ANITA M. CARROLL AND ROY CARROLL**          **APPELLANTS**

**v.**

**SINGING RIVER LLC**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/07/2019 |
| TRIAL JUDGE: | HON. ROBERT P. KREBS |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | ROBERT CHRISTOPHER OETJENS |
| | LEWIE G. "SKIP" NEGROTTO IV |
| ATTORNEY FOR APPELLEE: | SHELLY GUNN BURNS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 05/12/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., TINDELL AND LAWRENCE, JJ.

### TINDELL, J., FOR THE COURT:

¶1. After Anita Carroll fell on Singing River LLC's premises and injured her knee, she and her husband Roy filed a premises-liability lawsuit against Singing River. The Carrolls alleged that Singing River had negligently failed to maintain its premises in a reasonably safe condition. Roy also sued Singing River for loss of consortium resulting from Anita's injuries. Singing River moved for summary judgment on the issue of its liability, and the Jackson County Circuit Court granted the motion. The Carrolls appeal from the circuit court's judgment and assert that several genuine issues of material fact exist that preclude the grant of summary judgment in Singing River's favor. Finding no error, we affirm the circuit

court's judgment.

## FACTS

¶2.    On August 16, 2013, the Carrolls drove to Singing River, a mall located in Gautier, Mississippi. Upon arriving at the mall, Anita exited the couple's vehicle and walked toward the entrance leading into Sears, Roebuck & Co. As Anita approached the storefront, she walked up a grooved concrete handicap ramp. Where the top of the ramp leveled out and connected to the remaining sidewalk that extended to the storefront, Anita's toe hit a raised seam in the concrete sidewalk. Anita fell on her left hand and left knee. Roy, who had remained in the couple's vehicle, did not witness Anita's fall.

¶3.    The following day, Anita sought medical treatment for pain in her left knee. After Anita received the treatment, the Carrolls returned to Singing River to report the previous day's incident. Anita showed Roy the place where she had fallen. Roy testified during his deposition that Anita had fallen where two concrete sections joined together and that one of the concrete sections was about two-and-a-half to three inches lower than the other concrete section. Anita took pictures of the sidewalk, and then the Carrolls went to the mall's customer-service desk, where Anita filled out and signed an incident report. According to the Carrolls, the security guard who assisted them with the incident report disclosed that another lady had fallen around the same area a few weeks earlier.

¶4.    On August 15, 2016, the Carrolls sued Singing River for injuries arising from Anita's fall. The Carrolls alleged that Singing River had negligently failed to maintain its premises from a dangerous condition and had failed to properly warn customers of the dangerous

condition. Roy also asserted a claim against Singing River for loss of consortium due to Anita's injuries. Singing River answered the complaint and then filed a motion for summary judgment on the issue of liability. In its summary judgment motion, Singing River contended that the complained-of defect was not unreasonably dangerous and that, even if unreasonably dangerous, the defect was open and obvious. After a hearing, the circuit court granted Singing River's summary judgment motion. Aggrieved, the Carrolls appeal.

## DISCUSSION

¶5.     Our standard of review regarding the circuit court's grant of summary judgment to Singing River is well-established:

> This Court reviews a circuit court's grant or denial of a motion for summary judgment de novo. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. This Court must view the evidence in the light most favorable to the party against whom the motion has been made. However, the party opposing summary judgment may not rest upon mere allegations or denials of his pleadings, but his response must set forth specific facts showing that there is a genuine issue for trial. The non-moving party's claim must be supported by more than a mere scintilla of colorable evidence; it must be evidence upon which a fair-minded jury could return a favorable verdict.

*Burns v. Gray*, 270 So. 3d 1084, 1088 (¶13) (Miss. Ct. App. 2018) (citations and internal quotation marks omitted).

¶6.     Here, Singing River raises no dispute that Anita was a business invitee on Singing River's premises. Mississippi requires business owners "to exercise reasonable care to keep the premises in a reasonably safe condition" for invitees. *Patterson v. Mi Toro Mexican Inc.*, 270 So. 3d 19, 21 (¶7) (Miss. Ct. App. 2018) (quoting *Jerry Lee's Grocery Inc. v. Thompson*,

3

528 So. 2d 293, 295 (Miss. 1988)). Even so, we do not maintain that a "'store owner is . . . [the] insurer of business invitees' injuries[;] mere proof that the invitee fell and was injured while on the premises is insufficient to establish liability.'" *Id.* (quoting *Jones v. Wal-Mart Stores E. LP*, 187 So. 3d 1100, 1104 (¶12) (Miss. Ct. App. 2016)). Instead, this Court has previously explained:

> [A] business has certain duties to protect customers from "dangerous conditions" of which the business has actual or constructive knowledge:
>
>> If the operator is aware of a dangerous condition, which is not readily apparent to the invitee, he is under a duty to warn the invitee of such condition. When a dangerous condition on the premises is caused by the operator's own negligence, no knowledge of its existence need be shown. When a dangerous condition on the premises is caused by a third person unconnected with the store operation, the burden is upon the plaintiff to show that the operator had actual or constructive knowledge of its presence.

*Id.* (quoting *Jerry Lee's Grocery*, 528 So. 2d at 295).

¶7. As our caselaw clearly establishes, for a premises-liability claim to succeed, a dangerous condition must first exist. *See id.* Proof that a dangerous condition actually caused the invitee's injury "is an essential element of [the] claim" because "[a] property owner cannot be found liable for the plaintiff's injury where no dangerous condition exists." *Id.* (citations omitted).

¶8. Here, the Carrolls provided pictures of the area of the sidewalk where Anita fell. The portion of the sidewalk pictured showed a grooved concrete handicap ramp that sloped slightly upward and then leveled out at the top as the sidewalk approached the store entrance. Singing River contends that this area of the sidewalk constituted an "architectural feature

4

[that] had existed in the same or virtually the same state for some years" and was "a common condition that any invitee should expect to encounter."

¶9.    As this Court has previously explained, "[c]ommon architectural conditions for a building are not considered unreasonably dangerous conditions." *Benson v. Rather*, 211 So. 3d 748, 754 (¶22) (Miss. Ct. App. 2016) (citing *Dickinson v. Vanderburg*, 141 So. 3d 455, 458 (¶10) (Miss. Ct. App. 2014)).    In addition, "Mississippi has long recognized that normally encountered dangers such as curves, sidewalks, and steps are not hazardous conditions.  Often such pathways contain cracks and changes in elevation; and, as such, they do not become hazardous conditions simply because they contain minor imperfections or defects." *Keckley v. Estes Equip. Co.*, 276 So. 3d 1230, 1237 (¶19) (Miss. Ct. App. 2018) (quoting *Jones*, 187 So. 3d at 1104 (¶14)), *cert. denied*, 276 So. 3d 658 (Miss. 2019).

¶10.    Also relevant to the Carrolls' claim, our caselaw holds that "[n]o property owner can be expected to maintain its sidewalks in a perfectly level condition, and where the defect consists of some slight variation between two adjoining paving blocks, no liability is imposed." *Griffin v. Grenada Youth League*, 230 So. 3d 1083, 1089 (¶22) (Miss. Ct. App. 2017) (quoting *Jones*, 187 So. 3d at 1104 (¶14)).  The Mississippi Supreme Court has previously recognized that even an elevation difference as great as seven and one-half inches between a sidewalk and a parking lot failed to constitute a condition that would "cause the owner of the business to reasonably anticipate that one would fall or trip over the curb to the sidewalk" where the condition "was not inherently dangerous[] and was obvious, open[,] and apparent to persons going into the store." *Stanley v. Morgan & Lindsey Inc.*, 203 So. 2d 473,

477 (Miss. 1967).

¶11.    Other than their own conclusory testimony, the Carrolls have provided no evidence to support their contention that Singing River's exterior walkway constituted a dangerous condition.  Neither the Carrolls' testimony about an elevation difference of up to three inches nor their submitted photographs demonstrated an inherently dangerous condition, and the Carrolls designated no expert witness to testify that the sidewalk posed an unreasonably dangerous hazard.  The Carrolls have thus failed to support their premises-liability claim with any corroborating evidence, and their claim fails as a matter of law because Mississippi does not recognize the complained-of defect as a dangerous condition.  *See id.*  We therefore find that no genuine issue of material fact exists as to whether Singing River's exterior sidewalk posed a dangerous condition at the time of Anita's fall.  Accordingly, we affirm the circuit court's grant of summary judgment in Singing River's favor.

**CONCLUSION**

¶12.    Because we find that the Carrolls failed to create a genuine issue of material fact as to whether a dangerous condition existed on Singing River's premises, we affirm the circuit court's grant of Singing River's summary judgment motion.

¶13.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**

6