## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-00092-COA

**TEAMBERYA SIMMONS**                                                     **APPELLANT**

**v.**

**CITY OF PICAYUNE**                                                        **APPELLEE**

DATE OF JUDGMENT:              11/30/2023
TRIAL JUDGE:                   HON. CLAIBORNE McDONALD
COURT FROM WHICH APPEALED:     PEARL RIVER COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:       LAMPTON O'NEAL WILLIAMS JR.
                               CORY MORRIS WILLIAMS
ATTORNEYS FOR APPELLEE:        KRISTI ROGERS BROWN
                               RANDOLPH SIMMONS MIKELL
NATURE OF THE CASE:            CIVIL - PERSONAL INJURY
DISPOSITION:                   AFFIRMED - 04/22/2025
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., McCARTY AND ST. PÉ, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.    A woman fell on a handicap ramp while at a city's water department building. She sued, but the trial court granted summary judgment for the city, finding the ramp was not a dangerous condition. She appeals, arguing a genuine issue of material fact exists regarding a dangerous condition and requires reversal. Finding the ramp was a common architectural feature and not a dangerous condition, we affirm.

## BACKGROUND

¶2.    Teamberya Simmons drove to the City of Picayune Water Department to pay her water bill, as she had done many times before. Simmons parked on the street in front of the building and began to walk toward the entrance. But she then realized she forgot to lock her

car, so she turned around and started to walk back to the street where she parked.

¶3.     According to a video which sets the scene, there is a clean and level sidewalk that runs parallel to the parking lot.  There is a red and grey brick-paved section between the sidewalk and the parking lot.  Connected to the parking lot, there is a gently leveled concrete "curb ramp"[1] that rises to meet the sidewalk.  The grey curb ramp stands out in color from the red brick sections on the side of it.  The edge of the ramp by the parking lot slopes up directly from painted blue stripes, which Simmons acknowledged "obvious[ly]" indicated a handicap parking space.

¶4.     As Simmons was walking back, a man was passing in the opposite direction on the grey sidewalk.  The video shows Simmons shifting onto the red brick area perpendicular to the curb ramp.  As she crosses from the brick area, she loses her footing over the edge on the sloped ramp and tumbles onto the hard concrete.  In an affidavit, Simmons explained that when she turned and walked back toward her car, she "fell when I stepped into a recessed area that I could not see from the direction I was walking."

¶5.     Two other people witnessed the fall and helped Simmons into the building.  An employee offered to call an ambulance, but Simmons declined.  She received medical attention at a nearby urgent care clinic.  As a result of the fall, she sustained a broken bone in her right ankle.  Over the next three years, she underwent two surgeries related to her

---

[1] The expert report refers to the slope as a "curb ramp that was provided for accessability access."

injuries.

¶6.   Simmons filed a premises liability action against the City of Picayune in the Pearl River County Circuit Court.  She alleged the curb ramp was a dangerous condition that caused her injuries.  After discovery, the City moved for summary judgment, arguing the ramp was a common architectural feature and not a dangerous condition.  The circuit court granted summary judgment in favor of the City, finding the ramp was a common and required architectural condition.  The court further found Simmons was distracted as she walked, and her own negligence was the cause of her fall.  Aggrieved, Simmons appeals.

## STANDARD OF REVIEW

¶7.   This Court reviews the grant of a motion for summary judgment de novo, "viewing the evidence in the light most favorable to the non-moving party." *Loving v. MS Eye Care P.A.*, 381 So. 3d 1111, 1113 (¶6) (Miss. Ct. App. 2024).  "A grant of summary judgment will be upheld only when, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact." *Forbes v. Gen. Motors Corp.*, 993 So. 2d 822, 824 (¶7) (Miss. 2008); *accord* MRCP 56(c).  "[S]ummary judgment 'is appropriate when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial.'" *Karpinsky v. Am. Nat. Ins. Co.*, 109 So. 3d 84, 89 (¶11) (Miss. 2013) (quoting *Buckel v. Chaney*, 47 So. 3d 148, 153 (¶10) (Miss. 2010)).

## DISCUSSION

3

¶8. On appeal, Simmons argues summary judgment was improper because the curb ramp was a dangerous condition, the City had notice of the dangerous condition, and the dangerous condition was not open and obvious. She claims the ramp was difficult to see from the direction she was walking and that the "elevation change was not readily apparent due to the lack of contrast between the curb and the ramp." Because we find one issue dispositive—whether the curb ramp was a dangerous condition—we decline to address her remaining arguments.

¶9. The Mississippi Tort Claims Act provides the exclusive remedy for plaintiffs filing suit against governmental entities. *Howard v. City of Biloxi*, 943 So. 2d 751, 754 (¶5) (Miss. Ct. App. 2006). To recover in a premises liability claim against a municipality, such as the City of Picayune, the plaintiff must establish five elements:

(1) an injury was suffered;
(2) the injury was caused by a dangerous condition on the property of [the City] caused by the negligent or other wrongful conduct of a City employee;
(3) the City had either actual or constructive notice of the defect;
(4) the City had an adequate opportunity to protect or warn of this defect; and
(5) the condition was not open and obvious to one exercising due care.

*Id.*; *see also* Miss. Code Ann. § 11-46-9(1)(v) (Rev. 2019).

¶10. The City does not contest that Simmons was injured. The crux of the circuit court's ruling addressed the second element—whether there was a dangerous condition. "Mississippi has long recognized that normally encountered dangers such as curves, sidewalks, and steps are not hazardous conditions." *Jones v. Wal-Mart Stores E. LP*, 187 So. 3d 1100, 1104 (¶14) (Miss. Ct. App. 2016). This Court has previously affirmed that "hazards

4

that are similar to undamaged thresholds, curbs, and steps, which are common architectural features for buildings and parking lots, may properly be found not to be unreasonably dangerous." *Benson v. Rather*, 211 So. 3d 748, 755 (¶23) (Miss. Ct. App. 2016).

¶11.    We have previously held that a similar wheelchair ramp was not a dangerous condition. *Patterson v. Mi Toro Mexican Inc.*, 270 So. 3d 19, 22 (¶8) (Miss. Ct. App. 2018). In *Mi Toro*, a man slipped and fell on a wheelchair ramp as he left a restaurant. *Id.* at 20 (¶2). He sued the restaurant, claiming the ramp was a dangerous condition because it was "slick" in the rain. *Id.* at (¶3). The man had used that particular door and ramp many times before without any problems. *Id.* at (¶2). The restaurant moved for summary judgment on the ground that there was no evidence of a dangerous condition or any other falls on the ramp. *Id.* at 21 (¶5). The circuit court granted summary judgment, agreeing that there was no genuine issue of material fact regarding a dangerous condition. *Id.*

¶12.    On appeal, we affirmed the restaurant's lack of liability. *Id.* at 21-22 (¶8). We reasoned that without proof of a dangerous condition, there could be no claim for premises liability. *Id*. at 22 (¶8). Critically, we held that "an ordinary wheelchair ramp is an accommodation required by federal law, not a dangerous condition." *Id*. "Absent such evidence" of a dangerous condition, "and absent proof of any similar incidents on the ramp, no reasonable jury could conclude the ramp was unreasonably dangerous." *Id.*

¶13.    In another case where we examined a common architectural feature, a woman tripped and fell on brick stairs behind a rental home. *Lefler v. Wasson*, 295 So. 3d 1007, 1009 (¶5)

5

(Miss. Ct. App. 2020). She sued the landlord, claiming the loose brick created a dangerous condition. *Id.* at 1009 (¶6). The landlord moved for summary judgment, which the trial court granted. *Id.* On appeal, this Court affirmed summary judgment in favor of the landlord, holding that "the brick stairs . . . and path fall within the normally encountered dangers that do not give rise to liability." *Id.* at 1010 (¶10). Further, the landlord had no knowledge of any prior or subsequent slip-and-falls on the stairs. *Id.* at (¶12). The woman had safely used the path and stairs several times prior to her fall. *Id.* at (¶10). Therefore, the court found the woman failed to establish a genuine issue of material fact regarding a dangerous condition. *Id.*

¶14. As in *Mi Toro*, the curb ramp here was in good condition. Photos show the ramp was free from cracks or irregularities. And just like the stairs in *Lefler*, a sloped curb ramp is a "normally encountered danger" that does not give rise to liability. Although Simmons claims the ramp was dangerous, just like the plaintiffs in *Mi Toro* and *Lefler*, she fails to provide any evidence to support her allegation. Additionally, as in those two cases, there is no evidence of any prior trips or falls on this ramp. Simmons had been to this location to pay her water bill five to ten times before without any problems. On the day of the incident, she successfully walked past the curb ramp on her way into the building before turning back to lock her car and tripping on the ramp. Just like the plaintiffs in *Mi Toro* and *Lefler*, Simmons failed to establish a genuine issue of material fact that the sloped curb ramp constituted a dangerous condition, so summary judgment in favor of the City was warranted.

6

¶15. Simmons did support her claim of the ramp being a dangerous condition with expert testimony about potential code violations, particularly standards under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213. However, this testimony does not overcome precedent that holds curb ramps of this nature are common architectural features, not dangerous conditions. As we determined almost seven years ago, "an ordinary wheelchair ramp is an accommodation required by federal law, not a 'dangerous condition.'" *Mi Toro*, 270 So. 3d at 22 (¶8).[2]

¶16. Furthermore, ordinary handicap or sloped ramps "do not become hazardous conditions simply because they contain minor imperfections or defects." *Jones*, 187 So. 3d at 1104 (¶14). There was no evidence to demonstrate this particular curb ramp was somehow exceptionally dangerous or that the City had notice of such a condition. *See Vivians v. Baptist Healthplex*, 234 So. 3d 304, 309 (¶20) (Miss. 2017) (finding a genuine issue of material fact existed with regard to a dangerous condition when five other falls occurred where the plaintiff fell). Accordingly, since the sloped curb ramp did not constitute a

---

[2] The United States Supreme Court has determined, "Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals." *PGA Tour Inc. v. Martin*, 532 U.S. 661, 674 (2001). But Simmons does not claim she was disabled or that the curb ramp impeded her access to the water department; instead, she attempts to use the codes and regulations the ADA has generated as a way to craft liability. The ADA does not establish a method of proving tort liability for those not in the protected class. As Simmons is not within the class of people the ADA protects, she cannot utilize the ADA to prove liability for her fall. *See Lugo v. St. Nicholas Assocs.*, 18 A.D.3d 341, 342 (N.Y. App. Div. 2005) ("Since [the] ADA's purpose is to address issues of discrimination and not safety, the act should not be construed as setting a safety standard for stairs or walkways, even with respect to disabled plaintiffs.").

dangerous condition, the trial court properly granted summary judgment.

## CONCLUSION

¶17.    Because we find that Simmons failed to establish a genuine issue of material fact that the curb ramp constituted a dangerous condition, we affirm the circuit court's order granting the City of Picayune's summary judgment motion.

¶18.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, EMFINGER, WEDDLE AND ST. PÉ, JJ., CONCUR.**